ROBINSON v. SOUTHERN NAT. BANK OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. May 25, 1899.)

No. 148.

NATIONAL BANKS—ASSESSMENTS AGAINST SHAREHOLDERS—LIABILITY OF UNREGISTERED OWNER.

A pledgee of stock of a national bank, who sells it in accordance with the terms of the pledge, and becomes the purchaser, but never has it transferred on the books of the bank, is not liable for an assessment made under Rev. St. § 5151, on the bank's insolvency.[1]

In Error to the Circuit Court of the United States for the Southern District of New York.

Edward W. Paige, for plaintiff in error.
Wm. B. Hornblower, for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges, and THOMAS, District Judge.

WALLACE, Circuit Judge. This is a writ of error by the plaintiff in the court below to review a judgment for the defendant, entered upon a verdict by the direction of the court. The plaintiff was the receiver of the State National Bank of Vernon, Tex., which became insolvent in August, 1894, and brought this action to recover an assessment upon the stockholders of the bank made by the comptroller of the currency. The action was brought upon the theory that the defendant was a shareholder and liable for the assessment,

[1] For liability of stockholders to creditors, see note to Rickerson Roller Mill Co. v. Farrell Foundry & Machine Co., 23 C. C. A. 315, and note to Scott v. Latimer, 33 C. C. A. 23.

pursuant to the provisions of section 5151 of the Revised Statutes of the United States. It appeared upon the trial that in January, 1893, one Curtis was the owner of 180 shares of the capital stock of the bank, which stood in his name on the books of the bank, and for which he held the usual certificates; that on that day he pledged the shares with the defendant as collateral security for the payment of certain liabilities, including a note for $15,000, payable four months after date; that, by the terms of the pledge, the defendant was authorized, upon nonpayment of the note at maturity, to sell the shares at any time, without advertisement or notice to the pledgor, and to become the purchaser at the sale, discharged from any equity of redemption by the pledgor; that the note was not paid at maturity, and in August, 1893, the defendant advertised the stock to be sold at auction at the public exchange in New York City, and gave eight days' notice by telegraph to the pledgor; that at the time thus advertised the defendant bought the stock, paying for it $20 to the auctioneer, and thereupon credited the proceeds of the sale upon the note by an indorsement thereon; and that the certificates for the stock remained in the possession of the defendant from the time of the purchase until after the making of the assessment by the comptroller of the currency, but the stock was never transferred to the defendant upon the books of the bank. The facts certainly would have justified a finding by the jury that the relation of pledgor and pledgee had been terminated by the defendant, and the defendant had become the purchaser of the stock with the intention of becoming the exclusive owner, and was in this sense its owner when the bank failed. The only ground upon which it could be ruled that the plaintiff was not entitled to recover was that, as the stock had never been transferred to the defendant upon the books of the bank, and remained in the name of the original owner, the defendant was not a shareholder, within the meaning of section 5151. By section 5139 of the Revised Statutes, the capital stock of national banks is made "transferable on the books of the association, in such manner as may be prescribed by the by-laws or articles of association." The section then declares:

"Every person becoming a shareholder by such transfer shall, in proportion to his shares, succeed to all the rights and liabilities of the prior holder of such shares."

It is the generally accepted doctrine of the courts that, notwithstanding a provision of this kind in the organic law of a corporation, the legal title to its shares of stock passes, as between vendor and vendee, upon a transfer of the certificates, accompanied by a power of attorney for their transfer upon the books, without an actual transfer upon the books. Until registration, however, the purchaser does not acquire the privileges of a stockholder of the corporation. He can compel the corporation to recognize him as a stockholder; but, until he has been registered as such, he has no right to vote, and dividends are payable to the stockholder of record. Is such a purchaser a shareholder, within the meaning of section 5151 of the Revised Statutes, which declares that "shareholders of every national banking association" shall be individually responsible to the extent

of the amount of their stock for the debts of their association? It is somewhat remarkable that, in all the litigations which have been presented to the supreme court involving the liability of shareholders of national banks upon assessments made by the comptroller of the currency, the question which is thus presented has never been distinctly decided.

In Pauly v. Trust Co., 165 U. S. 619, 17 Sup. Ct. 470, the court had before it a case in which a pledgee who had received from his debtor a transfer of shares as collateral security for a debt surrendered the certificates to the bank, and took out new ones in which he was described as pledgee, but never was registered otherwise upon the books of the bank. In deciding, as the court did, that the pledgee was not liable to an assessment as a stockholder, the cases previously adjudged by the court were elaborately reviewed, and in the opinion several rules were stated as deducible therefrom, and among them was the following:

"That the real owner of the shares of the capital stock of a national banking association may, in every case, be treated as a shareholder, within the meaning of section 5151."

On the other hand, in Richmond v. Irons, 121 U. S. 58, 7 Sup. Ct. 788, in considering the question of the liability of the stockholders to an assessment under the section, the court used this language:

"By section 5139 of the Revised Statutes, those persons only have the rights and liabilities of stockholders who appear to be such as are registered on the books of the association; the stock being transferable only in that way. No person becomes a shareholder, subject to such liabilities and succeeding to such rights, except by such transfer. Until such transfer, the prior holder is the stockholder for all the purposes of the law."

The proposition which has been quoted from the Pauly Case was not necessary to the decision of the cause; nor was the proposition quoted from Richmond v. Irons necessary to the decision of that cause. An examination of the cases cited by the supreme court fails to disclose one in which the owner of the shares has been held liable, under the section, who has never been the owner upon the books of the bank; and the cases in which the "real owner" has been held liable were those in which, being the registered owner, he had transferred his shares to another for the purpose of escaping the liability of a stockholder, or caused them to be registered in the name of an irresponsible transferee. Such was the case in Bank v. Case, 99 U. S. 628, where the registered owner caused the stock to be transferred to one of its clerks, who acquired no beneficial interest in it, and upon the understanding that he would transfer it at request. In Bowden v. Johnson, 107 U. S. 251, 2 Sup. Ct. 246, the registered shareholder, in apprehension of the bank's failure, had transferred his stock to an irresponsible person. It is well settled that one to whom stock has been pledged as collateral security, and who has caused it to be registered upon the books of the bank in his name as owner, is liable as a stockholder for the benefit of creditors as though he were the real owner. The courts have placed his liability upon three grounds: That he is estopped from denying his liability, because he has voluntarily held himself out to the public

as the owner of the stock; that, by taking the legal title, he has released the former owner from liability; and that, after having taken the apparent ownership, and become entitled to the privileges of a stockholder, it would be unreasonable to release him from the responsibilities of a stockholder. None of these reasons apply in the case of one who, like the defendant, has never been a stockholder upon the books of the bank, has never held himself out as such a stockholder, has not defeated the liability as a stockholder of the pledgor, and has not enjoyed the privileges of a stockholder.

In Bank v. Harmon, 79 Fed. 891, the defendant became pledgee of 40 shares of stock, of the par value of $100 each, in a national bank, as collateral security for a demand loan made in November, 1891. In July, 1892, the loan not having been paid, the pledgee procured a transfer of the shares on the books of the bank to one of its employés who was irresponsible and had no interest in the transaction, in order that the latter should remain the registered owner of the shares. The bank failed in April, 1894, the shares at the time standing in the name of the pledgee's employé. This court held, upon the authority of the Pauly Case, that the pledgee was not liable as a shareholder of the bank. Obviously he was the substantial owner of the shares, though technically the relation of pledgor and pledgee had not been terminated. The amount of the loan was nearly double the value of the shares, and the time which had elapsed denoted that the pledgor would never seek to redeem. The pledgee, by causing the transfer to be made upon the books of the bank, had discharged the liability of the pledgor as a stockholder to the creditors of the bank. If there was no moral duty on the part of the pledgee in that case to subject himself to liability as a shareholder, there was not on the part of the defendant in the present case; and, if no legal liability was incurred by the pledgee in that case, there is no reason why any should attach to the defendant in this case, unless it is found in the letter of the statute. Our decision in that case was affirmed by the supreme court. 172 U. S. 644, 19 Sup. Ct. ——. The question presented is an interesting one, and we should certify it to the supreme court, if there were any necessity for adopting that course. But, as our decision is reviewable by that court, and will be reviewed, however we may dispose of the case, it seems proper to decide the cause according to our convictions, and without attempting an elaborate discussion of the question. Our conclusion is that the defendant, never having been a registered shareholder of the bank, is not liable to the assessment. The judgment is accordingly affirmed.