## HAMILTON v. LOEB.

### (Circuit Court of Appeals, Third Circuit. April 12, 1911.)

#### No. 16 (1,457).

1. APPEAL AND ERROR (§ 1011*)—REVIEW—FINDINGS—CONCLUSIVENESS.
   Findings of fact by a trial court on disputed points are conclusive on appeal.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

2. CORPORATIONS (§ 244*)—STOCKHOLDERS—PERSONAL LIABILITY.
   Under Rev. Laws Minn. 1905, §§ 2863, 2864, regulating stock transfers, a transferee, who never was a registered stockholder, who never held himself out as a stockholder, who has not interfered with his transferrors' liability, the registered owners,' nor exercised a stockholder's privileges, nor participated in the corporate management, is not liable under Const. Minn. art. 10, § 3, making stockholders in certain corporations liable for corporate debts to the amount of their stock.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 960–977; Dec. Dig. § 244.*]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Action by Charles E. Hamilton, receiver of the Evans-Johnson-Sloane Company, against Ferdinand L. Loeb. From a judgment (179 Fed. 728) for defendant, plaintiff brings error. Affirmed.

James E. Trask, E. H. Morphy, and George W. Carr, for plaintiff in error.

John G. Johnson and Abraham Israel, for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and YOUNG, District Judge.

GRAY, Circuit Judge. This action was brought in the court below by plaintiff, as receiver of Evans-Johnson-Sloane Company, an insolvent Minnesota corporation, in behalf of, and as the statutory representative of, its creditors, to recover the individual or constitutional liability of the defendant, as a stockholder of said corporation, upon an order or decree of assessment made by the state court, assessing the capital stock of the corporation to an amount equal to the par value thereof, viz., $100 a share. The action is in assumpsit, and defendant asserts as a defense, that he was never a registered stockholder.

Article 10, § 3, of the Constitution of Minnesota reads as follows:

"Each stockholder in any corporation (except those organized for the purpose of carrying on any kind of manufacturing or mechanical business) shall be liable to the amount of the stock held or owned by him."

Section 2863 of the Revised Laws of Minnesota reads as follows:

"Transfer of Stock.—The delivery, by the rightful owner, or by one by him intrusted therewith, to a bona fide purchaser or pledgee for value, of a certificate of stock duly transferred in writing by the holder personally, or accompanied by his power of attorney authorizing such transfer, shall be sufficient to transfer title, but shall not affect the right of the corpora-

---

tion to pay any dividend thereon, or to treat the holder of record as the owner in fact, until such transfer has been recorded on its books, or a new certificate issued to the transferee, who, upon delivery of the former certificate to the treasurer, shall be entitled to receive such new one."

Section 2864 of the said Revised Laws reads as follows:

"Effect of Transfer—Stock Books.—The transfer of shares is not valid, except as between parties thereto, until it is regularly entered on the books of the company, so far as to show the names of the person, by whom and to whom transferred, the number or other designation of the shares, and the date of the transfer; but such transfer shall not in any way exempt the person making such transfer from any liabilities of said corporation which were created prior to such transfer. The books of the company shall be so kept as to show intelligibly the original stockholders, their respective interests, the amount which has been paid in on their shares, and all transfers thereof; and such books, or a correct copy thereof, so far as the items mentioned in this section are concerned, shall be subject to the inspection of any person desiring the same."

Article 5 of the by-laws of said corporation reads as follows:

"Section 1. The stockholders of said company shall be entitled to certificates of stock signed by the president and secretary, with the corporate seal affixed thereto, and shall be numbered and registered as issued.

"Sec. 2. Transfer of stock shall be made only on the books of the company, either in person or by attorney, and the possession of said stock shall not be regarded as evidence of ownership of the same unless issued or duly transferred to the person holding the same."

It appears from the evidence that the defendant, Loeb, on the 25th day of February, 1905, purchased from John F. Elwell 264 shares of stock of the Evans-Johnson-Sloane Company, and from William A. Alden 265 shares thereof, making in all 529 shares, for which he paid about 33 per cent. of their par value. The certificates for said shares were assigned and transferred in writing, and were delivered to the said defendant, it being stated on the face thereof, that the stock was transferable only on the books of the corporation. Such transfer on the said books was never made, and the shares remained standing in the names of Elwell and Alden.

At the close of the testimony, motions were made for binding instructions by counsel for plaintiff and defendant, respectively. The familiar rule that, when both sides ask for binding instructions, the determination of the questions of fact is thereby submitted to the court, was called to the attention of counsel. Counsel on both sides agreed that this was so, and the jury were thereupon discharged. The court thereafter made its findings of fact, and of the law applicable thereto, in favor of the defendant, upon which judgment was entered in due course.

[1] These findings of fact are conclusive, and must be kept in mind in any discussion of the law applicable thereto. This is the more important, as the plaintiff in error has at some length discussed the circumstances surrounding the transfer of this stock, and in his statement of the questions involved, has embodied certain assumptions of fact which are the basis of much of his subsequent argument. This is especially notable as to the assumption that the defendant, at the time of the purchase of the stock and the indorsement to him of the certificates therefor, "for the purpose and with the effect of inducing

creditors to give the corporation credit, represented that he had acquired, or was acquiring, the stock," and that it was a matter of arrangement between him and his transferrors that he should hold the stock in their name.

The findings of fact by the court below were as follows:

"(1) That the defendant was not a registered stockholder.

"(2) He did not hold himself out as such.

"(3) He has in no way interfered with the liability of his vendors, who were and are the registered owners of the stock.

"(4) He did not exercise any of the privileges of a stockholder, or take part as such in the management of the corporate affairs."

[2] Under these circumstances, the counsel for defendant in error has correctly stated the question involved to be:

"Is a person, who is not and never was a registered stockholder, who never held himself out as a stockholder, who has in no way interfered with the liability of his vendors (which vendors were and are the registered owners of the stock), who did not exercise any of the privileges of a stockholder, or take part as such in the management of the corporate affairs, exposed to the liability declared by the Minnesota law?"

The elaborate argument made for the plaintiff in error, for the most part ignores the provisions above quoted from the statutes of Minnesota. Unless the Legislature of Minnesota has transcended its powers, in defining the word "stockholder," as used in section 3, art. 10, of the Constitution of Minnesota, and in prescribing how a stockholder may transfer his status as such to another, it would seem that we were compelled to agree with the court below, that the defendant is not exposed to the liability of a stockholder, as declared by the Minnesota law in that behalf. No serious argument is made by the plaintiff in error, that the provisions of the Minnesota statutes, as above recited, are repugnant to the provision of the Constitution of Minnesota, which we have quoted. No decision of the Supreme Court of that state has been cited, declaring such repugnancy. Many, however, have been referred to, in which the constitutionality of these provisions of the Minnesota Law must have been assumed, though the precise question now before us has never been decided by that court.

The very exception in section 2864 of the Revised Statutes (supra), "except as between parties thereto," gives emphasis to the negation of validity to the transfer of shares in all other respects. The obvious necessity for some definition by municipal law of the status of a stockholder, and of regulation as to the transfer from one to another of the same, seems to have controlled the legislation of all the states, and unless such definition and regulation are such as to grossly violate the ordinary concept of the word "stockholder," that word, as used in the Constitution of Minnesota, must be taken to mean a stockholder as defined by the laws of that state. Corporations are artificial beings, created and regulated by the state, and the policy of the state in regard to their creation and regulation may vary according to time and circumstance. It would seem, then, to be an inherent necessity, that the state should specifically define the status of a stockholder in the corporations that it creates. It might, in the exercise

of its plenary power in this regard, provide that the shares of capital stock were non-transferable, and neither this nor any modification of so rigid a rule could be objected to, as repugnant to the constitutional provision referred to, in regard to double liability of a stockholder. We must infer, therefore, that it was entirely within the competence of the Legislature of Minnesota to declare any transfer of stocks (except as between the parties thereto), not regularly on the books of the corporation, to be invalid. This being so, how could the defendant in error be a stockholder, within the meaning of the constitutional provision in question? It can only be claimed that he became so by the assignment or transfer of the certificates of stock held by certain registered stockholders, but the law declares that such transfer, not being registered, was invalid. The status of a stockholder having not been successfully transferred, the transferrors still retain that status, and whatever may have been the rights between the parties to the transaction to claim compensation, the one from the other, the status of a stockholder, as declared by the law, cannot be affected thereby.

We must therefore conclude that the transfer in this case of the certificates of stock from the transferrors to the defendant, in the manner set forth, did not confer upon the defendant the status of stockholder in the corporation in question, and that therefore he is not a stockholder, within the purview of section 3, article 10, of the Constitution of Minnesota. The plaintiff in error, however, insists, among other things, that there are certain extraneous circumstances attending the transfer of the stock, which equitably estop the defendant from claiming non-liability as a stockholder.

Counsel for plaintiff in error has assumed in his argument, as we have pointed out, that there was something in the nature of an arrangement between the defendant and transferrors of the stock, by which the former allowed the stock to remain in the name of his transferrors, and that they consented to hold the registered ownership as agents or trustees for defendant. There is nothing in the record upon which to found this assumption, and it is, moreover, inconsistent with the findings of fact by the court, as above recited. There is nothing in the case, except the mere assignment of the shares of stock by indorsement on the back of the certificates thereof, and this attempted transfer is declared by the statute of Minnesota to be invalid, except as between the immediate parties thereto. Nor is there any foundation in the findings of fact by the court below, for the assumption by the plaintiff in error, that the defendant in error, when he purchased the stock, or at any time thereafter, had for the purpose and with the effect of inducing creditors to give the corporation credit, represented that he had acquired, or was acquiring, the stock. The findings of fact directly contradict this assumption.

Counsel for the plaintiff in error strenuously contends that it is a rule of law, made necessary for the protection of creditors, and to prevent fraud on the legal provision for double liability of stockholders, that what he calls the real stockholder is in all cases liable to creditors, even though the stock may never have stood in his name on the books of the company. But the real stockholder, as we have pointed

out, is the one who is recognized as such by the statute. By its express provision, the unregistered transferee of stock does not become a stockholder of the corporation. He has certain rights as against the transferror, and he also has the right to demand of the corporation to register him as a stockholder, but until he is accepted as such by the corporation, he is not a stockholder, within the meaning of the law.

These provisions of law in regard to registration have been found necessary for the protection of creditors and the prevention of fraud by secret transfers and other devices, in contradiction of the record evidence on the books of the corporation. The policy of such provisions of law as have been above recited from the Revised Statutes of Minnesota, is too obvious to require explanation. It is the same as that of the laws requiring mortgages, bills of sale, mechanics' liens, etc., to be recorded or registered. By the laws of Minnesota, as well as in other states, corporations created by the state are required to provide for registering all transfers of the stock of such corporations for the protection, not only of the corporation, but also of the public. Creditors and others interested in the ascertainment of who are stockholders, are protected by the law which declares invalid all transfers not registered on the books of the company, as they cannot be defrauded by secret or unregistered transfers. Those upon whom the double liability to creditors is imposed are those who at any moment of time, when such liability is sought to be enforced, appear as the registered stockholders of the corporation. In the absence of any decisions by the Supreme Court of Minnesota, those of the federal Courts in relation to double liability under the national banking law, are in point.

In 1899, the United States Circuit Court of Appeals for the Second Circuit, in Robinson v. Southern National Bank, 94 Fed. 964, 36 C. C. A. 584, had before it a case where the defendant bank became pledgee of certain shares of stock, under contracts by which they were authorized, in case of non-payment of the loan, to sell the shares without notice, at public or private sale, and apply the proceeds to the payment thereof. The pledgee had sold the stock to itself, exercising such right of sale for the benefit of the pledgor under the fiduciary obligation of the pledge agreement. The pledgees were held not to be liable as stockholders under the double liability provision of the national banking act, for, although they became the purchasers of the stock, they did not become its registered holders, the registration remaining in the name of a third person selected at the time of the pledge by the pledgee, for the purpose of its own security.

As we agree with the counsel for defendant in error, that this case deals with the precise question we have before us, we quote from it at large, as follows:

"The certificates for the stock remained in the possession of the defendant from the time of the purchase until after the making of the assessment by the Comptroller of the Currency, but the stock was never transferred to the defendant upon the books of the bank. The facts certainly would have justified a finding by the jury that the relation of pledgor and pledgee had been terminated by the defendant, and the defendant had become the purchaser of the stock with the intention of becoming the exclusive owner, and was in this sense its owner, when the bank failed. The only ground

upon which it could be ruled that the plaintiff was not entitled to recover was that, as the stock had never been transferred to the defendant upon the books of the bank, and remained in the name of the original owner, the defendant was not a shareholder, within the meaning of section 5151 [U. S. Comp. St. 1901, p. 3465]. By section 5139 of the Revised Statutes [page 3461], the capital stocks of national banks is made 'transferable on the books of the association, in such manner as may be prescribed by the by-laws or articles of association.'

"It is the generally accepted doctrine of the courts that, notwithstanding a provision of this kind in the organic law of a corporation, the legal title to its shares of stock passes, as between vendor and vendee, upon a transfer of the certificates, accompanied by a power of attorney for their transfer upon the books, without an actual transfer upon the books. Until registration, however, the purchaser does not acquire the privileges of a stockholder of the corporation. He can compel the corporation to recognize him as a stockholder; but, until he has been registered as such, he has no right to vote, and dividends are payable to the stockholder of record. Is such a purchaser a shareholder, within the meaning of section 5151 of the Revised Statutes, which declares 'Shareholders of every national banking association' shall be individually responsible to the extent of the amount of their stock for the debts of their association? It is somewhat remarkable that in all the litigations which have been presented to the Supreme Court involving the liability of shareholders of national banks upon assessments made by the Comptroller of the Currency, the question which is thus presented has never been distinctly decided.

"An examination of the cases cited by the Supreme Court fails to disclose one in which the owner of the shares has been held liable, under the section, who has never been the owner upon the books of the bank; and the cases in which the 'real owner' has been liable were those in which, being the registered owner, he had transferred his shares to another for the purpose of escaping the liability of a stockholder, or caused them to be registered in the name of an irresponsible transferee. Such was the case in Bank v. Case, 99 U. S. 628 [25 L. Ed. 448], where the registered owner caused the stock to be transferred to one of its clerks, who acquired no beneficial interest in it, and upon the understanding that he would transfer it at request. In Bowden v. Johnson, 107 U. S. 251, 2 Sup. Ct. 246 [27 L. Ed. 386], the registered shareholder, in apprehension of the bank failure, had transferred his stock to an irresponsible person. It is well settled that one to whom stock has been pledged as collateral security, and who has caused it to be registered upon the books of the bank in his name as owner, is liable as a shareholder for the benefit of creditors, as though he were the real owner. The courts have placed his liability upon three grounds: That he is estopped from denying his liability, because he has voluntarily held himself out to the public as the owner of the stock; that, by taking the legal title, he has released the former owner from liability; and that, after having taken the apparent ownership, and become entitled to the privileges of a stockholder, it would be unreasonable to release him from the responsibilities of a shareholder. None of these reasons applies in the case of one who, like the defendant, has never been a stockholder upon the books of the bank, has never held himself out as such a stockholder, has not defeated the liability as a stockholder of the pledgor, and has not enjoyed the privileges of a stockholder.

"Our conclusion is that the defendant, never having been a registered shareholder of the bank, is not liable to the assessment. The judgment is accordingly affirmed."

The cases referred to in the foregoing opinion, in which so-called "dummy" stockholders, though registered, have been held not·to be bona fide stockholders, the real owners, for whom the stock is held in trust, continuing liable under the statute, are not inconsistent therewith or with the principles which we think applicable to the present case. Such transfers, though registered, were in fraud of the act. They

were nullities, and the transferrors did not thereby divest themselves of their registered ownership, or escape the legal liability attaching to such ownership.

It is not necessary to consider at length the multitude of cases cited by counsel on both sides, which illustrate the various aspects under which the requirement of registry of a transfer on the books of the corporation, whether by statute or by the by-laws of the company, may be viewed. It is sufficient to say that reason and the great weight of authority support the proposition that, until a transfer has been recorded on the transfer books of the corporation, the transferee not being recognized as a stockholder, is not chargeable either with corporate debts or unpaid balances of the subscription. He is bound to protect and indemnify the transferror, but he is not liable to the corporation or corporate creditors, or other stockholders. Cook on Corp. § 258.

As the defendant was not a registered stockholder, and had done nothing whereby he had become estopped from denying that he was a stockholder, and as there are no countervailing equities to be considered, we must conclude that he is not exposed to the liability declared by the Constitution of Minnesota.

The judgment of the court below is affirmed.