JOHN T. SIMS v. EVAN H. BROWN, *as Receiver, etc.*
No. 427.   (62 Pac. 713.)

1. BANKS AND BANKING — *Insolvency — Stockholders' Liability — Rights of Creditors.* Section 55, chapter 47, Laws of 1897 (Gen. Stat. 1897, ch. 18, § 51; Gen. Stat. 1899, § 461), does not take away from the creditors of a bank the right to proceed against the stockholders to recover their debt due from the bank, but does impose a condition in cases where a receiver has been appointed that they show to the satisfaction of the court that the receiver has not begun suit against the stockholders to enforce their liability.

2. ——— *Action by Receiver—Injunction.* A receiver in such case cannot maintain a suit against such creditor for the sole purpose of enjoining him from prosecuting such suit against the stockholders.

Error from Wyandotte district court; H. L. ALDEN, judge.   Opinion filed October 27, 1900.   Reversed.

### STATEMENT.

BROWN, as receiver of the Citizens' Bank of Kansas City, sued Sims for an injunction to restrain him from prosecuting certain suits as a creditor of the bank against certain stockholders of the bank.   Brown's appointment and authority are under the provisions of chapter 47, Laws of 1897 (Gen. Stat. 1897, ch. 18; Gen. Stat. 1899, §§ 407–474), an act providing for the regulation, organization and control of banks, and the contention arises specially under section 55 of that act.   He alleges in his petition the date of his appointment and the date of the suspension of the bank; that he has brought certain suits to recover from stockholders under the provisions of said section 55, giving the names of the defendants and the amounts sued for; alleges that Sims is a creditor, who claims that the bank owes him $1524, and that Sims as such creditor has, subsequent to his suits, instituted suits against the same stockholders to recover his individual indebtedness from them; that the total amount of the assets of the bank, including the stockholders' liability on their stock under the constitution and statutes of the state, will not be sufficient to satisfy all of the debts of the bank; that Sims is about to bring suit against other stockholders of the bank to enforce their statutory liability in his favor for the recovery of his indebtedness against the bank, and that thereby there will be a multiplicity of suits, etc., and he will be hindered and delayed in the settlement and administration of the affairs of the bank; and that Sims is insolvent.   To this petition Sims demurred.   The court overruled his demurrer.

Sims v. Brown.

He elected to stand upon his demurrer, and the court thereupon rendered judgment against him enjoining him from instituting other suits against the stockholders of the bank.

*True & Sims*, for plaintiff in error.
*Alden, McFadden & Alden*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : The question involved is, Does the petition state a cause of action in favor of Brown, as receiver, against Sims ? We are of the opinion that it does not. Counsel argue a number of questions, and among others the constitutionality of section 55 of chapter 47, Laws of 1897 (Gen. Stat. 1897, ch. 18, § 51; Gen. Stat. 1899, § 461).

On the part of the plaintiff in error, it is claimed that this section is unconstitutional, because it impairs the obligation of a contract right between him and the stockholders.

Upon the part of the defendant in error, it is said that there is but one question in the case, and that is, Who is the proper party to enforce this liability of the stockholders ? If a creditor of the bank, then the order of injunction should have been refused. If the receiver, then the court properly ruled, allowing the injunction complained of. We cannot view the case in this light. The statute gives the creditor the right to sue. This right has not been taken away from him. Section 55 makes it the duty of the receiver, after the expiration of one year from the closing of the bank, if it appears to him that the assets of the bank are insufficient to pay its debts, to institute proceedings in the name of the bank for the collection of the liability of the stockholders. The latter part of

the section limits the right of the creditor to enforce individual liability under the old statute, in that it says: "No action by any creditor against any stockholder of such bank for the recovery of such liability shall be maintained, unless it shall appear to the satisfaction of the court that the receiver has failed to commence action as herein provided." The action commenced by the creditor Sims does not affect the right of the receiver in any manner. If the stockholder fails to protect himself by making proper defense against the creditor's action, he alone must suffer and not the receiver. If the receiver fails to bring the suit as provided under the statute, the creditor may maintain his suit. It is not the business of the receiver to defend any of these suits, but to prosecute his own. The question of the constitutionality of the act does not arise in this proceeding, because the receiver has shown no right, no cause of action, against Sims under which it can be raised or decided. Equity jurisdiction, to obviate the bringing of a multiplicity of suits, contemplates bringing the parties in interest before the court for the final determination of their rights, and not simply enjoining one from prosecuting a right which the statute gives him, at the suit of another having another right respecting the same subject-matter, and that is all the plaintiff asks by his petition. The injunction was auxiliary. The receiver simply asks the court to stop the creditor. Now, if there were a number of suits brought respecting these various liabilities in which the receiver had appeared or was a party and in which there was a controversy between the receiver and creditors as to who had the paramount right, or if it were even necessary that the receiver should appear in those suits of the creditor to defend his rights, he

might, by a petition in the nature of a bill in equity, under the old practice, determine the whole controversy in one suit. Wherever, under the statute, he has instituted suit in advance of creditors there is no doubt of his priority of right, and this is the case before us. He is in no danger of losing any asset of the bank by Sims's actions. If by his failure to begin actions against stockholders he loses his priority, that would not afford him any cause of action against a creditor.

It is suggested further by the defendant in error, in the brief, that it appears upon the face of the record that Sims's action against the stockholders is barred by the statute of limitations, and therefore the injunction ought to be permitted to stand. The plea of the statute of limitations is a privilege of the stockholder in such a case, and he may waive it. It is not for the receiver either to plead or waive the plea of the statute.

The court erred in overruling the demurrer to the plaintiff's petition. The judgment is reversed, and the cause remanded with directions to sustain the demurrer to the petition.