SAMUEL BERGMAN v. PETER GAY.

October Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, HASELTON, and
POWERS, JJ.

Opinion filed November 19, 1906.

*Replevin—Rights of a Lienor Under Common Law Mechanic's Lien—Effect of V. S. 2279-2281, and 2299.*

A statute which creates a new mode for the enforcement of an existing
right does not abolish a pre-existing mode, without express words
or necessary implication to that effect.

A lien arises at common law in favor of one who improves by his
labor or expense the chattel of another at the owner's request,
and V. S. 2279, which purports to give such a lien, is merely
declaratory of the common law.

The enactment in 1888 of V. S. 2279, 2280, and 2281, giving a common
law mechanic's lien and providing for its enforcement by a sale
of the property by the lienor at public auction, did not take away
the benefit conferred by V. S. 2299, enacted in 1867, providing that
one holding personal property by a lien implied by law may have
it attached and sold on execution in payment of the lien, and that
such attachment shall not be a waiver of the lien.

In replevin for a cart, which plaintiff owned subject to an overdue
mortgage, and which defendant repaired for plaintiff and retained
in his possession to enforce a lien for his services, it appeared
that while the cart was thus in his possession, defendant sued
plaintiff on his claim and had the cart attached by copy filed in
the town clerk's office; that thereafter the cart was taken from
defendant's possession on the writ in this suit; that while these
two suits were pending in court, the mortgagee took the cart from
plaintiff's possession and had it sold on his mortgage; that later
defendant obtained judgment in his said suit, and took out execution thereon, which was returned unsatisfied. *Held*, that defendant was entitled to the possession of the cart, as against plaintiff,
at the time it was taken on said replevin writ, and that the subsequent taking and sale of the property by the mortgagee cannot

avail plaintiff to defeat defendant's right to a judgment for a
return of the property.

REPLEVIN for a cart.   Plea, the general issue.   Trial by
court at the March Term, 1906, Chittenden County, *Miles,* J.;
presiding.   Judgment for the defendant for the return of the
property, one cent damages, and his costs.   The plaintiff ex-
cepted.   The opinion states the case.

*C. C. Briggs* and *H. S. Peck* for the plaintiff.

*A. V. Spaulding* and *Cowles & Moulton* for the defend-
ant.

The defendant has a right to the possession of the cart as
against the plaintiff (1) by statute, V. S. 2279.  (2) by virtue
of a "lien implied by law." *Benedict* v. *Murray,* 3 Vt. 302;
*Ruggles* v. *Walker,* 34 Vt. 468.   (3) Plaintiff could create a
repairer's lien on the property, good as against his own rights,
although he had previously mortgaged the property. *Ingalls*
v. *Green,* 62 Vt. 436; *Green* v. *McDonald,* 70 Vt. 372.   (4)
The lien was not waived by the attachment.   V. S. 2299.   (5)
The judgment in favor of defendant in the attachment suit is
conclusive as to plaintiff's indebtedness to defendant for the
repairs. *Sowles, Admr.* v. *Sartwell,* 76 Vt. 70.

In replevin the question is to be determined according to
the respective rights of the parties to the suit.   That a third
party has a right superior to defendant, or to both plaintiff and
defendant, will not advantage plaintiff.   He must stand on his
own rights, and cannot make use of defects in defendant's title.
*Sprague and Carr, Admrs.* v. *Clark,* 41 Vt. 6; *Keniston* v.
*Stevens,* 66 Vt. 351; *Smith Machine Co.* v. *Holden,* 73 Vt.
396; Shinn, Replevin, §447; 24 Am. & Eng. Enc (2nd ed.)
483.

Munson, J.   The suit is replevin for a lunch-cart, which plaintiff owned subject to an overdue mortgage, and which defendant repaired for plaintiff and retained in his possession to enforce a lien for his services.   Defendant finally sued plaintiff on his claim, and had the cart attached by copy filed in the clerk's office; and on the same day, before the hour when the copy was filed, plaintiff took the cart from defendant's possession by virtue of this replevin writ.   While both suits were pending in county court, the mortgagee took the cart from plaintiff's possession and had it sold on his mortgage.   Defendant afterwards obtained judgment in his suit, and took out an execution, which was returned unsatisfied.   At a subsequent term defendant had judgment in this suit for a return of the property and for one cent damages and his cost.

V. S. 2279 provides that one who makes, alters or repairs an article of personal property at the request of the owner shall have a lien thereon for his charges, and may retain possession of the property until his charges are paid.   §§2280-2281 provide for a sale of the property by the creditor in satisfaction of his charges, if the value of the property affected does not exceed one hundred dollars.   These provisions were first enacted in 1888.   V. S. 2299, first enacted in 1867, provides that one holding personal property by a lien implied by law may have it attached and sold on execution in payment of the debt, and that such attachment shall not be a waiver of the lien.   Plaintiff claims that a mechanic's lien on personal property is a right expressly given by statute and not one implied by law, and that defendant has lost his lien by attaching the cart.

A lien arises at common law in favor of one who improves by his labor or expense the chattel of another at the owner's request.   Note 16 Eng. Rul. Cases, 94.   This right was fully

recognized by our decisions before it was established by the statute. *Burdick* v. *Murray,* 3 Vt. 302; *Ruggles* v. *Walker,* 34 Vt. 468. V. S. 2279 is merely declaratory of the common law; and the enactment of this, and the accompanying sections prescribing a remedy, did not take away the benefit conferred by the earlier statute upon holders of this security as a lien implied by law. A statute instituting a new remedy for an existing right does not take away a pre-existing remedy without express words or necessary implication. 26 Ency. Law, 2 ed. 671. So the defendant could bring suit without waiving his lien, and has lost nothing by failing to proceed in accordance with §§2280-2281.

The defendant is entitled to a judgment for the return of the property notwithstanding the facts concerning the mortgage. The plaintiff could charge the property with a lien for its repair subject to the mortgagor's right. *Ingalls* v. *Green,* 62 Vt. 436. The defendant was entitled to the possession of the property as against the plaintiff at the time it was taken from him under the replevin writ. The subsequent taking and sale of the property by virtue of a prior right derived from the plaintiff cannot be urged by the plaintiff to defeat the defendant's claim of a judgment for the return of the property. The rights of these parties are to be determined without regard to the superior right of another. *Sprague* v. *Clark,* 41 Vt. 6.

*Judgment affirmed.*