## NETTLES v. WALCOTT.
### No. 2690.

District Court, D. Connecticut.
Oct. 20, 1938.

W. Randolph Montgomery, of New York City, for plaintiff.

Albert H. Barclay, of New Haven, Conn., for defendant.

THOMAS, District Judge.

This matter is now before the Court on defendant's motion to dismiss the bill by which Joseph L. Nettles, a citizen of South Carolina sues Frederic C. Walcott, a citizen of Connecticut, and in brief alleges that:

The Peoples State Bank of South Carolina was a bank organized under the laws of that state. It suspended business and closed its doors on January 2nd, 1932. On or about April 7th, 1932, this plaintiff was appointed "Receiver of the stockholders' liability" of the bank by an order of the Court of Common Pleas for Richland County, in a proceeding brought by the depositors of the bank to enforce the statutory liability of the bank's stockholders. In this proceeding, it was adjudged that the bank was insolvent.

The Peoples Investment Corporation organized under the laws of South Carolina,

was named as a defendant in the proceedings in South Carolina. That corporation was not a bank, and its only assets, on January 2nd, 1932, and thereafter consisted of 74,000 shares of the stock of the bank of the par value of $740,000, being about 37% of the bank's entire capital stock.

On or about May 19, 1934, in the proceedings aforementioned, judgment was obtained against the Peoples Investment Corporation in the sum of $740,000, but no part of this judgment has been collected, the execution issued thereon having been returned nulla bona. On March 16th, 1935, the plaintiff was authorized to institute this action by the order of the Court of Common Pleas.

Concerning the Investment Corporation, the bill alleges that it was organized by the officers and directors of the bank, with 10,000 shares of the par value of $100 each, of which 8,000 shares were outstanding the day the bank failed. It was to act as a holding corporation for the major portion of the stock required to be issued upon an expansion program entered into by the bank, and as an instrumentality for dealing in its shares.

Paragraph 13 of the bill further alleges that on January 2, 1932, and at all other times herein material, "it was the law of South Carolina that no part of the capital stock or any of the funds of a corporation organized under the laws of said State, other than a railroad or banking corporation, could be used or employed in any manner in banking operations, and that the purchase or otherwise acquiring by such corporation of stock in a bank or banking institution out of the capital stock or any of the funds of such corporation was and did constitute the use and employment of such capital stock or funds in banking operations, thereby subjecting the stockholders of such corporation to the liability of the stockholders of such bank or banking institution."

This allegation is predicated upon Section 7677, par. 5, of the Civil Code of South Carolina of 1932, which reads as follows: "Not to Be Used in Banking.—No part of the capital stock or any of the funds of such corporation shall, at any time during the continuance of their charter, be used or employed, directly or indirectly, in banking operations, or for any purpose whatsoever inconsistent with the provisions of their respective charters."

It is further alleged in the complaint that at the time the bank closed, the defendant owned 100 shares of the capital stock of the Peoples Investment Corporation.

The bill prays that the corporate fiction be set aside and disregarded, and that the defendant be adjudged to be the true and beneficial owner of the stock of the bank, and that his proportionate liability be determined and enforced.

Briefly, then, this is an action to enforce the liability of a bank stockholder, created under the laws of South Carolina. It is brought against a person who, it is conceded, was not a stockholder of the bank, but was the stockholder in a corporation which was a stockholder of the bank. The bill was filed in this Court March 26th, 1938.

The defendant moves to dismiss the complaint upon the several grounds stated in the motion which may, however, be consolidated as follows:

1. The action was not brought within six years after the discovery of the facts, as required by the laws of South Carolina.

2. The bill was not filed within the time limited by the Statutes of Connecticut.

3. The plaintiff has no legal capacity to sue, because he is merely an Equity Receiver, and not the statutory receiver or liquidator of the bank's assets, contemplated by the statutes of South Carolina.

4. The defendant was not a stockholder of the bank, and it is not alleged that he knew or should have known of the purposes of the formation of the holding corporation.

In treating the first three objections, I will assume that the defendant was, in fact, a stockholder of record of the bank, upon the date upon which it closed.

The text of the relevant statutes of South Carolina are Sections 7868, 7855 and 367 of the Civil Code of 1932, and they provide as follows:

Section 7868: "Liability of Stockholders of Insolvent Banks.—The stockholders of all insolvent banks and banking institutions, whether heretofore or hereafter incorporated under Act of Assembly of this State, either general or special, shall be individually liable to the creditors thereof, other than depositors, only to the extent of the amount remaining due to the corporation upon the stock owned by them: Provided, That stockholders in all such banks

and banking institutions shall be liable to depositors therein in a sum equal in amount to their stock over and above the face value of the same."

Section 7855: "Stockholder's Liability. —Any receiver *appointed* to *liquidate the assets of any closed State bank* shall, under the authority of this section when it is necessary to collect the liability of stockholders, have full power and authority to demand of such stockholders the statutory liability, provided for in section 7868, and upon failure of any stockholder to pay into his hands such liability, he is hereby invested with full power and authority to bring suit, either individually or collectively, against such stockholder, or stockholders, for the collection of such liability, and all funds received from said assessment by payment with or without suit shall be kept as a separate fund to be paid to the depositors solely. Said receiver shall receive as compensation for the collection of the stockholders' liability, two and one-half (2½) per cent. and in case same is placed in the hands of the attorney for collection by suit, or otherwise, an additional five per cent. may be paid to the attorney for his services, or so much as the court may decide the attorney is entitled to."

Section 367: "This title shall not affect action against directors or stockholders of a moneyed corporation, or banking association, to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within six years after the discovery by the aggrieved party *of the facts upon which the penalty or forfeiture attached, or the liability was created,* unless otherwise provided in the law under which such corporation is organized."

I. The defendant, relying upon section 367 of the South Carolina Code, contends that January 2nd, 1932, the day upon which the bank closed its doors for insolvency, is the day upon which the aggrieved party, as a matter of law, discovered the facts upon which the defendant's liability was created, and that therefore, the action was not brought within the six years provided for by the statute. Neither side has furnished me with any citations which expressly determine the starting point of the period of limitation under this section. Both briefs are plethoric with citations on more or less related matters; it must be therefore that the matter here is de novo.

■ We start with the proposition that Section 7855 of the Civil Code, furnishes the exclusive remedy for enforcing a bank stockholder's double liability. Branchville Motor Co. v. Adden, 158 S.C. 90, 155 S.E. 277. Under that statute, the liability is to be enforced by a receiver appointed to liquidate the assets of a closed State bank. The depositors and other creditors of the bank may no longer bring such an action, either individually or collectively.

The action must be commenced within six years after the discovery by the "aggrieved party of the facts, etc.". The receiver was appointed on April 7th, 1932, less than six years before the commencement of this action. He is the plaintiff in this suit. Is he the aggrieved party contemplated by Section 367? If he is, then obviously, he could not have been aggrieved before he came into existence, nor could he be said to have discovered any facts before that time, and the action is, therefore, timely.

■ The defendant contends that the aggrieved party "is the depositors of the bank". He resorts to decisions of other states holding that the stockholder's liability was created upon the development of its insolvency. But the question is hardly to be determined by a reference to the date when the stockholder's liability was created; for the statute, by its terms, does not begin to run from that date at all. It begins to run from the time of the *discovery* of the facts by the *aggrieved party.* Such discovery may conceivably come years after the liability was created.

■ I am, however, of the opinion that the receiver, even though he be the only party capable of bringing the suit, is not the "aggrieved" party within the contemplation of Section 367. The aggrieved parties, I hold to be the several depositors of the bank. There is, however, nothing on the face of the complaint, upon which, as a matter of law, I am warranted in holding that the depositors discovered the facts upon which the liability was created as early as January 2nd, 1932. The closure of the bank would not, of itself, give notice of the necessity of resorting to the stockholder's liability, or the facts upon which such liability depended; nor is the court permitted to surmise, that every depositor knew of the closure on January 2nd, 1932. If there were any depositors unaware of the closure of the bank as late as March 27th, 1932, such depositors

made no discoveries anterior to the time limited by Section 367.

I therefore hold, that it does not appear upon the face of the bill, that the action is barred by the South Carolina Statute of Limitations.

II. The defendant invokes the Connecticut Statute of Limitations, which reads as follows:

"Sec. 6005. Actions on simple or implied contracts limited to six years. No action for an account, or for a debt due by book to balance book accounts, or on any simple or implied contract, or upon any contract in writing not under seal, except promissory notes not negotiable, shall be brought but within six years next after the right of action shall accrue; but persons legally incapable of bringing any such action at the accruing of the right of action may sue at any time within three years next after becoming legally capable of bringing such action. The provisions of this section shall not apply to actions upon judgments of any court of the United States or of any court of any state within the United States."

The application of this statute presents a different question from that involved in the construction of the South Carolina statute. In both cases the period of limitation is six years, but there is nothing in the Connecticut statute which defers the operation of the limitation beyond the time when the cause of action accrues. If, therefore, this action be deemed to be an action on contract (and the plaintiff concedes that it is), then the six years period commenced from the time when the cause of action accrued.

Under Section 7868 of the Civil Code of South Carolina, the stockholders of insolvent banks are liable to depositors in a sum equal in amount to their stock, over and above the face value of the same. Under Section 7855 of the Code, the Liquidating Receiver has full power to demand of such stockholders their statutory liability, as provided in Section 7868, and upon failure to pay, he has the power and authority to bring suit.

When in fact, then, does a stockholder's liability under these sections accrue? I am of the opinion that such liability accrues as and when the bank becomes insolvent, and this is true, quite regardless of the date when a receiver to enforce such liability is appointed. It is not the appoint-

ment of the receiver that creates the liability; it is the fact that the party proceeded against is the stockholder of a bank at a time when it is insolvent. Six years is a fairly generous provision during which period the necessary mechanics may be put into operation to enforce the statutory liability in question, but the liability is created by the concurrence of these two facts, viz: That the defendant is a stockholder of the bank, and that the bank is insolvent.

The considerations which constrain me in holding that the South Carolina Statute did not bar the suit are not present here, for the Connecticut Statute does not provide that the limitation commences to run from the time when the aggrieved party discovers the facts upon which the liability is created.

Inasmuch as the complaint specifically alleges that the bank closed its doors by reason of insolvency on January 2nd, 1932, it appears affirmatively from its allegations, that the cause of action against its stockholders accrued on that date. See Carrol v. Green, 92 U.S. 509, 23 L.Ed. 738; Reading Co. v. Koons, 271 U.S. 58, 46 S.Ct. 405, 70 L.Ed. 835; Royal Trust Co. v. MacBean, 168 Cal. 642, 144 P. 139.

III. The defendant contends, that, in any event, the plaintiff has no legal capacity to sue. This contention involves a construction of the language of Section 7855 of the Civil Code. It is there provided that "Any receiver appointed to liquidate the assets of any closed State bank * * * is hereby invested with the full power and authority to bring suit * * * against such stockholder, or stockholders, for the collection of such liability, etc." We are not instructed as to how such a receiver is appointed; whether, as in many states, he is a liquidator or sequestrator appointed by the executive arm, pursuant to some banking statute, or whether he is appointed by a court in some judicial proceeding looking to the liquidating of the bank. However, it is apparent from the text, that he must be "appointed to liquidate the assets".

It is to a receiver vested with the assets that the authority is given to pursue the stockholders; not to any receiver.

The phrase "Receiver of the stockholder's liability" is an awkward collocation. Presumably, it means receiver of the depositors' claims against the stockholders. But it is not to such a receiver

40

that authority is given to pursue the stockholders; such a receiver is no more than an assignee of the depositors, and it is difficult to see how, as assignee, he has rights greater than his assignors, who, concededly could not bring about this action. It is to a receiver vested with the assets of a bank that the exclusive right is given to sue the stockholders. It is not asserted in the complaint, nor is it inferrable from the language thereof, that the plaintiff is such a receiver. Nor does the fact that this very receiver has been permitted to sue in South Carolina conclude this court; a chancery receiver may sue within the jurisdiction which created him even though he may not sue elsewhere. Here, again, the defendant's contention must be sustained. The plaintiff is without legal capacity to sue.

IV. The defendant further contends that the complaint is defective because there is no allegation therein that the defendant knew that the Peoples Investment Corporation was a bank-stock holding company. The complaint alleges that the Peoples Investment Corporation never held or owned any assets, other than cash and bank stocks, and that on January 2nd, 1932, its entire assets consisted of the stock it held in the closed bank.

There is a further allegation that under the law of South Carolina stockholders of a corporation purchasing bank stock thereby subject themselves to the liability of the stockholders of the bank. This pleading of the law of South Carolina is an averment of fact for the purposes of this bill, and the defendants' motion to dismiss, of necessity, admits the fact. I, therefore, hold that the fourth point is not well taken.

It follows, therefore, that the motion to dismiss the bill must be granted. Submit order accordingly properly consented to as to form.