### STATE *vs.* JUDGE BERMUDEZ.

#### ON AN APPLICATION FOR A MANDAMUS.

It is a sound principle of construction, never to consider laws as applying to cases which arose previous to their passage, unless the legislature declared such to be their intention.

The legislature has no right, perhaps, to add to the obligations or responsibilities which flow from a contract at the time it is made, or to abridge any of the rights which it conferred.

So, acquired rights and existing contracts cannot be affected by subsequent legislation ; but in relation to remedies, forms of proceeding and limitation of actions a different principle applies, and the legislature may modify them.

The monition law of 1834, is a remedial statute, intended to prevent the mass of litigation, growing out of alleged informalities and nullities of judicial sales, which gives to all purchasers at judicial sales, the right to invoke its provisions, and it applies as well to sales made before, as since its passage.

This is an application for a mandamus, to the judge of probates for the parish and city of New-Orleans, requiring him to take cognizance of a monition, taken out to confirm a sale, made by authority of the Probate Court, in 1833, previous to the passage of the monition law. The judge refused to act in the case as the sale took place before the passage of the law.

*Conrad*, of counsel, applied for the mandamus, on the following affidavit and petition, sworn to by Culbertson :

" That on or about the 27th day of April, of the year 1833, he purchased certain lots of ground, situated in faubourg Marigny, in this city, at a sale made thereof by the register of wills of the parish and city of New-Orleans, in virtue of an order rendered by the honorable the Court of Probates of said parish and city ; said lots forming a part of the succession of one John F. Conrad, deceased.

" Your petitioner further shows, that on the    day of April, 1837, he applied to said Court of Probates, for monitions of said sale, under the law entitled 'an act for the further assurance of titles to purchasers at judicial sales,' approved 10th March, 1834; that said monitions were accordingly issued, and were duly advertised, according to the provisions of said statute ; that when said advertisements, and all the formalities required by said law, had been completed, your petitioner did apply to the Court of Probates for an order or decree confirming and homologating said sale, and offered evidence to prove a compliance on the part of your petitioner, with all the formalities required by law, to entitle him to said decree of confirmation, no opposition having been made thereto by any person or persons whatsoever ; but that the honorable, the judge of said Court of Probates refused to admit or hear the said evidence, and to render a decree in the premises.

" Wherefore your petitioner prays, that a mandamus may issue from the honorable court, commanding and ordering said judge of the Court of Probates not to reject said evidence, and not to refuse to render said decree confirming said sale,

EASTERN DIST.
June, 1838.

STATE
vs.
BERMUDEZ.

in case your affiant should prove that he has fulfilled all the requisites of the law."

A rule was taken on the judge to show cause, and he replied, that it is a sound principle of construction, settled by the Supreme Court, never to consider laws as applying to cases which arise previous to their passage, unless the legislature declared such to be their intention. 1 *Louisiana Reports*, 137.

The first section of the monition law of March, 1834, enacts, " that the purchaser of property at sheriff's sales ; those made by the authority of the Court of Probates ; those made by syndics, etc., and finally, those of any kind which are made by the authority of justice, may protect themselves from eviction of the property so purchased, and by pursuing the rules hereinafter prescribed." See *Session Acts of 1834, page* 125.

The probate judge was of opinion, this law only applied to sales made after its passage.

*Conrad,* for the application.

*Bullard, J.,* delivered the opinion of the court.

It is a sound principle of construction, never to consider laws as applying to cases which arose previous to their passage, unless the legislature declared such to be their intention.

To a rule taken upon the judge of probates for the parish of Orleans, to show cause why a mandamus should not issue, commanding him to proceed and adjudicate upon a monition issued under the act of 1834, entitled " An act for the further assurance of titles to purchasers at judicial sales," the judge shows for cause, in the words of this court, in the case of Donaldson *vs.* Winters, to wit : "it is a sound principle of construction never to consider laws as applying to cases which arose previous to their passage, unless *the legislature* declared such to be their intention." 1 *Louisiana Reports*, 137.

From this answer, we infer, that the judge considered the act above referred to, as inapplicable to any case of judicial sale which took place before its passage. Such being his opinion, if he had dismissed the motion the party complaining might have had his remedy by appeal. But as such

appeal would have been necessarily *exparte*, the question may as properly be examined in the present form.

The general principle, as quoted by the judge, is undoubtedly a sound one; and in the case in which this court applied, it cannot be disputed; and particularly, as illustrated by a subsequent part of the same opinion. The question was, in that case, as to the liability of the party evicted to restore fruits: he had purchased under the *regime* of the old code, and the law had in the mean time been modified by the amendments of that code. The court says, "They (the legislature) have no right, perhaps, to add to the obligations or responsibility, which flowed from the contract at the time the defendant made it, or abridge any of the rights which it conferred."

No axiom indeed, is more clear, than that acquired rights and existing compacts cannot be affected by subsequent legislation. But with regard to remedies, forms of proceedings, and limitation of actions, the same principle does not necessarily apply. Prescriptions may be shortened even in relation to actions, the right to which has already arisen, and we do not doubt that more speedy and summary modes of proceeding may be constitutionally established.

The act of 1834, is a remedial statute. The evil intended to be remedied, was that mass of litigation growing out of alleged informalities and nullities of judicial sales, which kept purchasers in the best faith, in constant dread of being harrassed and disturbed, in proportion as the property acquired became more valuable, and the evidence of a strict compliance with the forms of law, more difficult to obtain. It gives to purchasers a right by public monitions, to provoke an inquiry into the regularity of proceedings, which led to the alienation in question, or accords him an action in the nature of a jactitation of title against all persons, whose rights have been affected by the sale, before the same court under whose authority it was made. The judgment to be pronounced, affects no rights, except such as grew out of irregularities and nullities in the original proceeding; the

So, acquired rights, and existing contracts cannot be affected by subsequent legislation; but in relation to remedies, forms of proceeding and limitation of actions, a different principle applies, and the legislature may modify them.

purchaser acquires no new title, no new right, but only an exemption from future litigation on account of such informalities, after affording all parties interested an opportunity in a summary manner to contest the same matters which might afterwards become the subject of a suit; and the statute gives to the judgment of homologation to be pronounced on the monition, the form of the thing adjudged, only in relation to such nullities and informalities. It is true, the act does not expressly extend to sales which had taken place before its passage, but it gives to all purchasers at judicial sales, a right to apply for a monition, (without distinction,) and in giving it effect as a remedy in relation to a sale, which had already taken place, we do not think any fundamental principle is violated, any more than applying a new law of prescription to existing causes of action.

A fair opportunity is afforded to all persons interested to come forward, and make opposition; the monition stands in lieu of a citation, and a publication of the monition is a constructive notice. In our opinion, the remedy afforded by the statute, was intended to be co-extensive with the evil, and to afford the means of drying up, in a great measure, a fruitful source of litigation.

It is, therefore, ordered, adjudged and decreed, that the rule be made absolute, and that the judge of the Court of Probates proceed in the premises according to law.