### 8594

#### McLAIN, ADMINISTRATOR, v. WOODSIDE.

1. EVIDENCE—TRANSACTIONS WITH DECEDENT.—It is competent for a witness to testify that he collected rent for deceased and paid it to him in an action by administrator of such deceased in aid of assets involving title to the land.
2. IBID.—RELATIONSHIP.—One not related to the family may testify as to his familiarity with the family and its connections and the reputation in the family as to its relations.
3. CHARGE—ADVERSE POSSESSION.—An instruction that defendant must have held the land for full ten years before the commencement of this action, May 10, is not a charge on the facts.
4. ISSUES.—In a suit to sell land in aid of assets the Court may submit issues of title to the jury.

Before GAGE, J., Kershaw, November term, 1912. Affirmed.

Action by Geo. W. McLain, admr. of Henry Davis, against Edward Allen *et al.,* of whom Rose Woodside appeals on the following exceptions:

First. "For error in his Honor in allowing the witness, George McLain, to testify as follows, over the objection of this defendant: 'Q. Did you ever receive rent before Henry Davis from the house from anybody? A. From Mr. Moore. Q. Who was Mr. Moore? A. Real estate agent. Q. Where is he now? A. In New York, I am told. He collected rent for Henry Davis, bring it to me

and I would give him receipt for old man Henry. Old man Henry authorized me to receive $1.80 for him and to keep it for him, and when he came to the shop I would give it him. The Court: I think it competent for the witness to say he collected rent from the property and turned it over to Henry Davis;' whereas, it is respectfully submitted that the Court should have held the said testimony incompetent, and merely hearsay, and should have excluded the same.

Second. "For error in admitting the declarations of the witness, Mary Carter, as to pedigree of Henry Davis, Eliza Villepigue, and Allen, over the objections of this defendant, she being a stranger and having no relationship to the said Henry Davis, Eliza Villepigue, or Allen, the Court holding as follows: 'You can prove it by anybody who knows; if a stranger knows as well as a relative, can prove it by stranger;' whereas, the Court should have held, it is respectfully submitted, that the said testimony was incompetent and inadmissible.

Third. "For error in not allowing the witness, Rose Woodside, to state in full her conversation with Henry Davis, after respondent's attorneys had brought out part of said conversation in reference to permission granted her by Henry Davis to do certain things in reference to said lot; and for error in refusing to allow appellant's attorney to examine said witness in reference thereto, as follows: 'Mr. deLoach: Now he has brought out part of the conversation with Henry. Mr. Wittkowsky: I have brought out nothing. Mr. deLoach: What did Henry say? Mr. Wittkowsky: We object, under section 400. The Court: What part did he bring out? Mr. deLoach: In regard to his permission. The Court: Overruled.'

Fourth. "For error in charging the jury as follows: 'Now; it is important to fix the date. This action was begun May, 1910, that is the reckoning point, May, 1910. Rose must have had that land for ten full years before that date, that is to say, she must have had it, been on it, in May,

1900, and held it from May, 1900, to May, 1910. Not only held it, but held it adversely against the owner;' whereas, it is respectfully submitted, his Honor, the Circuit Judge, should have left it to the jury to fix the point from which to reckon the ten years' adverse holding, and should not have limited the adverse holding from May, 1900, to May, 1910.

Fifth. "For error in charging the jury that May, 1910, was the reckoning point in fixing the point from which to reckon the adverse holding, same being a charge upon the facts. For error in submitting to the jury the issues herein in the form of three questions as set forth in his charge, as follows: 'The first is: Was Henry Davis the owner of the premises? The second: Is the title of the premises now in Allen? Third: Is the title in the premises in Rose Woodside by adverse possession? And you answer these questions "yes" or "no," as you determine the facts, and sign your name as foreman.' Whereas, it is respectfully submitted that his Honor, the presiding Judge, should not have submitted the issues in this form, and he committed error in not charging the jury the facts to be determined by them should be under the rule that the plaintiff is required to make out his case by the greater weight of the evidence."

*Mr. W. B. deLoach,* for appellant.

*Messrs. Kirkland & Kirkland* and *L. A. Wittkowsky,* for Edward Allen, respondent.

July 2, 1913. The opinion of the Court was delivered by

Mr. Justice Watts. This was an action by the plaintiff against the defendants for the sale of real estate in the aid of personalty to pay debts, etc., and the appellant, Rose Woodside, was made a party to that suit, and made answer, denying the allegations of the complaint and set up adverse

possession in her of the land is dispute. The case came for trial at the November term of the Court for Kershaw county, before Judge Gage, in November, 1912, that upon the trial his Honor submitted to the jury certain issues, and the finding by the jury was against the contention of the appellant, and after entry of judgment, she appealed and asks reversal on five exceptions, which should be set out in the report of the case.

The first exception alleges error in the admission of certain testimony of the witness, George McLain. By reference to what took place, objection was made to only two questions, to wit: "Did you ever receive rent before Henry Davis deceased from the house from anybody? From Mr. Moore. Who was Mr. Moore? A real estate agent." The Court ruled this competent, and we do not think it was incompetent for the witness to show that he collected rent from the house in question, paid it over to Henry Davis, and the testimony at another time, during the trial, showed that Moore was a real estate agent, that he collected rent for the house in question during the lifetime of Henry Davis, and paid it over to Davis. In addition it appears from the testimony of John A. Sheorn that he was a real estate agent, and collected rents for this house from Rose Woodside, and that the rents were collected for Henry Davis, and paid over to John McLain, by instructions from Davis. The witness, George McLain, testifies to fact within his own knowledge that the rent was collected for Henry Davis, and that this statement was not based upon a statement made by Moore. This exception is overruled.

The second exception imputes error in admitting over appellant's objection the declarations of a stranger as to the pedigrees of Henry Davis, Eliza Villepigue, and Allen. Mary Carter did not testify as to the declarations of any other party, but her testimony was as to facts within her own knowledge, the objection was

as to her testimony that she was not related to the parties, and could not testify as to family relation. The appellant has misconstrued the rules applicable to the introduction of declarations as to relationship. It is not necessary to show that the witness testifying is related to any of the parties, whose relationship is in question. There is no authority that so holds. Any person acquainted with a family, and reputation in the family, can testify as to the pedigree and relationship of members of the family, and as to common rumor in the community as to this pedigree and relationship, and as to the declarations of the family as to pedigree, kinship, relationship, marriages, births, etc. The witness' testimony was as to facts known to her, and it was competent for her to testify as to her familiarity with the family, and the reputation in the family, in regard to the relationship in question. John Carter, who was not a relative, was permitted to testify along same line without objection, and there was no evidence on part of appellant introduced at the trial in contradiction of that introduced by respondent as to relationship. "The evidence of a witness whose knowledge with reference to the subject was derived from an intimate acquaintance with the family is admissible as to such facts of the family history as marriages, kinship, name, and death." *Hoyt* v. *Lightbody,* 98 Minn. 189, 8 A. and E. Ann. Cases 9841. "Declarations of deceased persons as to pedigree of a person with whom they were closely connected in life though not related in blood or marriage have been held competent evidence." Ency. of Evidence, 742. See also section 991, Wigmore on Evidence, 1490.

The third exception complains of error in not allowing the witness, Rose Woodside, to repeat the whole of the conversation with Henry Davis, when part of it was brought out by attorney for respondent on cross-examination. By reference to what took place at the time complained of, it will be seen that the counsel for respondent

did not ask any question in regard to a conversation with Henry Davis, nor ask any question, which would require any part of such conversation in response to the question, and any answer by her to question asked, which brought in such conversation, was not responsive to the question, and his Honor had previously ruled out any conversation between this witness and Henry Davis, deceased, and properly sustained objection at this time as to any question asked witness as to conversation with the deceased Davis. This exception is overruled.

The fourth exception alleges error on the part of the Judge in charging the jury that Rose Woodside must have had the land for ten full years before the date of the commencement of this action in May, 1910.

This was not a charge on the facts; it simply stated a date when action was commenced disclosed by the pleadings in the case. There was no controversy over this. "Statement of what facts are admitted or not contested is not a charge on the facts." *Trapp* v. *Western Union Tel. Co.,* 92 S. C. 218, 78 S. E. 210.

The fifth exception is overruled, as the Circuit Judge has the right in all equity cases to submit issues to jury, the pleadings raise both legal and equitable issues and the legal issue as to title to land is triable by jury. *McCreery Land and Investment Co.* v. *Meyers,* 70 S. C. 282, 49 S. E. 484; *Poston* v. *Ingram,* 76 S. C. 167, 56 S. E. 780, section 312, Code of S. C. 1912.

All exceptions are overruled.

Judgment affirmed.

Mr. Justice Fraser *concurs in the result.*