13147

WRIGHT v. BARRINGER, *ET AL.*

(158 S. E., 737)

July, 1930.

*Mr. Philip H. Arrowsmith,* for appellants,

*Messrs. Sam J. Royall* and *R. E. Whiting,* for respondent,

May 15, 1931.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

When this case was called in this Court for the hearing of the appeal, counsel for appellants presented a motion, of which due notice had been given respondent's attorneys, asking the Court for an order dismissing the action upon the grounds set forth in the notice of the motion.

After argument on the motion, judgment was reserved; and argument of the appeal in the main case was heard. We will dispose of both matters in this opinion.

First, then, as to the motion to dismiss the action: This is predicated upon these grounds: That the action, which is one by a depositor of a bank in liquidation, against stockholders to enforce their statutory liability, was begun October 27, 1928; Judgment therein was rendered against the stockholders July 21, 1930; the General Assembly passed an Act approved March 16, 1929 (36 St. at Large, 199), which was construed by this Court in the case of *Branchville Motor Co. v. Adden,* 158 S. C., 90, 155 S. E., 277, in an opinion filed September 30, 1930, which held that, under the provisions of that act, only the receiver to be appointed thereunder could bring such action against the stockholders; and the Court in the case of *Shaw v. Fairey et al.* 160 S. C., 110, 158 S. E., 159, had applied that ruling to the case of a bank which had closed its doors prior to the approval of the Act of March 16th, 1929; that therefore neither the Circuit, nor this Court; had jurisdiction to entertain the cause.

It will promote the orderly understanding of the motion, as well as the appeal, to relate the history of the circumstances out of which these contentions arose and which culminated in the judgment from which the appeal is taken.

October 26, 1928, Palmetto Bank & Trust Company, a banking corporation doing business at Florence, S. C., closed its doors, and was taken over by the State Bank Examiner under the provisions of the statute laws of the state governing such matters. Thereafter Ashton H. Williams was appointed receiver of the bank.

October 27, 1928, plaintiff, respondent here, brought his action in his own behalf and in behalf of all other depositors, against the defendants, the appellants here, to collect of them their legal liability as stockholders of the defunct bank. These appellants answered the complaint denying that they were stockholders of the bank when it closed its doors, denying the possession of information whether the bank was insolvent when it closed, and denying that plaintiff is entitled to any relief at the hands of the defendants. On the issues thus joined, the case came before Judge Dennis, who heard it upon evidence taken in open Court. July 21, 1930, he filed his decree, giving judgment against the defendants for the sums it was found they were severally liable for as stockholders. It is from this decree the appeal is taken.

Then followed the motion to dismiss when the case was called for hearing on appeal, and it stands first for consideration.

Before the commencement of the action in this present case, it had been established in numerous cases that the liability of stockholders to depositors under the Constitution and statutes is not an asset of the bank, but is the basis of an individual, personal, and joint right in the depositors, with which the corporation or its receiver or its board of liquidating trustees, have absolutely nothing to do. And so the law was understood and acted upon, when this action was begun the 27th day of October, 1928. March 16, 1929, the act of the General Assembly was approved, and became effective, which vested in the receiver of an insolvent bank, which receiver was to be appointed as provided for in said act, the power and duty in proper case, to bring the action against stockholders. The Supreme Court in the case of *Branchville Motor Co. v. Adden,* 158 S. C., 90, 155 S. E., 277, construing this act, held that the power thus vested in the receiver was exclusive, and superseded the right which the depositor was theretofore held to have to bring his action in the nature of a creditor's bill directly against stockholders.

To the same effect is the opinion in the case of *Shaw v. Fairey, supra,* filed March 5, 1931, in which the rule established in the *Adden case* is expressly affirmed.

The movants here contend that the Act of 1929 in effect, if not in exact language, provides that, before a stockholder may be held to this liability it must be shown that the bank is insolvent, that the assets and liabilities of the bank have been properly ascertained, and it is shown to be necessary to collect from the stockholders their stock liability in order that the depositors may be paid. They rely upon the case of *Fischer v. Chisolm,* 159 S. C., 395, 157 S. E., 139, 141, filed March 6, 1931, to sustain this position. They then advance the proposition, as a necessary corollary from that premise, that, since the appellants were deprived of their legal rights in these particulars, the whole proceeding is null and void, and the action should be dismissed; that is to say, they contend that the action was not brought by Ashton H. Williams, as receiver of the bank, that there has been no presentation of the assets and liabilities of the bank in order to determine the question of insolvency of the bank, and that no showing has been made that it was necessary to call on stockholders for their liability.

Their argument is plausible, and, if applied to a situation similar to that in the case of *Fischer v. Chisolm,* doubtless the Court would give to them the privileges which it gave *ex gratia* to the appellants in that case. There the appeal was from an order of the Circuit Court permitting an amendment to the complaint; the action was still pending in that Court; and this Court simply gave the stockholders the right to have the insolvency of the bank proved, and the necessity of calling on the stockholders shown. But it is significant that, although that action was brought by a depositor, and was begun before the passage of the Act of 1929, and the order appealed from was dated July 23, 1930, after the passage of that Act, no one questioned the regularity of the proceeding, the right of depositor, plaintiff, to

maintain the action, nor was any action taken to have the receiver substituted for such plaintiff. In that case Mr. Justice Stabler, delivering the unanimous opinion of the Court, said: "In the case at bar, no application was made to the Court, after the passage of the Act of 1929, to substitute the receiver as party plaintiff, nor was the receiver required to present to the Court a statement of the bank's assets and liabilities, in order that it might be adjudicated whether there existed the necessity to enforce the stockholders' liability." The action was continued as it was begun.

The irrefutable deduction from this utterance of the Court must be that, notwithstanding the passage of the Act of 1929, the proceeding was regular and valid, as it then stood.

In the case now before this Court, the action was begun before the passage of the Act of 1929; it was in the name of a depositor; the case was tried after the passage of that Act; was heard in all its phases; and judgment was rendered July 21, 1930. During all this time no word of criticism was made of the regularity of the action. At that time seasonable objection would have resulted in an order substituting the receiver; it was not interposed, and the cause proceeded to judgment. It is valid, not because the depositor had the right to maintain his action notwithstanding the Act of 1929, but because the defendant has waived all objection to the form of the action.

The motion to dismiss the action is in effect a motion to reopen and set aside a judgment, rendered in a Court of competent jurisdiction, after a full trial in which litigation lasted for more than a year, and in which the judgment debtors, who now seek to be relieved of the judgment, were represented by able counsel.

The Code of Civil Procedure, § 437, provides that the Court may give relief from a judgment taken against one through his "mistake, inadvertence, suprise, or excusable neglect." No suggestion is made to the Court that any of

these conditions entered into the taking of this judgment. In *Clark Bros. v. Wimberly,* 24 S. C., 141, the Court, discussing the provisions of the Section which is now Section 437, Code Civil Procedure, and which was then Section 195, Code of Procedure, quoting from *Steele v. Railroad Co.,* 14 S. C., 331, 332, said this: "It may be questioned whether this Section applies to the Supreme Court, even in the exercise of its original jurisdiction; but as that question has not been argued, we do not deem it necessary to express any opinion upon it now. For even if it does apply, it cannot avail the appellants in this case, for, as was held in *Steele v. Railroad Co.,* 14 S. C., 331-2, that Section was designed only 'for the relief of parties who by reason of some mistake, inadvertence, etc., may have lost the opportunity to be present at the trial, or to be represented there, as is suggested by the words, "taken against him." * * * If the parties are represented at the trial, they can obtain relief by an application made in conformity to the rules of procedure provided by law in reference to new trials.' In this case, however, the judgment which it is sought to [be] set aside was rendered after full hearing, the appellants being represented by able and experienced counsel, and not being a judgment by default, or rendered in the absence of appellants, Section 195 of the Code does not apply."

So apt is the language of the last paragraph quoted to the facts of the case under consideration, one might be tempted to infer that the words quoted were ours.

Certainly there can be found here no authority for setting aside the judgment of the Circuit Court, and dismissing the action, on the grounds urged by movants.

The motion must be denied.

This disposition of the motion makes it necessary to consider the appeal in the main case. The history of the origin and progress of the litigation has been sufficiently fully stated in disposing of the motion to dismiss the action.

There are six exceptions to the decree of Judge Dennis, which involve alleged errors in the admission of evidence during the trial, and in findings of fact and rulings and conclusions of law. It is not necessary to consider the exceptions separately.

The first and second exceptions charge that it was ■ error to find and hold that the appellants were the owners of the stock in the bank which stood on the books in their name when the bank closed its doors.

It is not denied that the appellants had held the stock of the bank which respondents charge they still hold, and which appellants deny that they now own. It is admitted that, when the bank closed its doors, this stock stood on the books of the bank in their names. But appellants contend that they had notified the bank officers that they had transferred this stock to Florence Hotel Company, Inc., and that they had made every effort which due diligence and prudence required of them to have the stock transferred on the books of the bank, but that the officers of the bank refused and neglected to make the transfer.

Hence they argue they are not the real owners of the stock, and are not liable in this action to be called on to pay the stockholders' statutory liability. They offered evidence in support of their contention. There was evidence directly contradictory of it. The Circuit Judge, by agreement of counsel, heard the case upon evidence taken by him in open Court. He saw the witnesses. There was competent evidence to sustain his finding and conclusion against the contention of appellants.

Moreover, the question is determined by the express provisions of the statute, Section 4320 of Volume 3, Code of Laws 1922, which contains this language: "No transfers of stock shall be valid except as between the parties thereto until the same shall be regularly entered upon the books of the corporation."

In *Man v. Boykin,* 79 S. C., 5-7, 60 S. E., 17, 18, 128 Am. St. Rep., 830, a question practically identical with that made by the appellants here, was discussed. We quote:

"Therefore, for a transfer of stock to be regularly entered upon the books of the Farmers' & Merchants' bank, the date of surrender, the number of the new certificate, and the date of the reissue must appear, or at least something to show a proper transfer. There can be no doubt in the present case that no such transfer was made.

"The question, therefore, is whether the original stockholders are liable under the statute. This point, we think, can no longer admit of doubt in this state. In the case of *White v. Bank,* 66 S. C., 491 [45 S. E., 94, 97 Am. St. Rep., 803], the statute here under consideration was discussed and construed. One of the defendants, E. B. Mobley, in that case set up the same plea that the Carolina Savings Bank and several defendants set up here, namely, that he had done all a careful and prudent man could do to effect a transfer on the books of the bank. The Court, however, denied this, holding that Mr. Mobley could by process of law have compelled the transfer on the books. This holding seems to be consistent with the overwhelming weight of authority. * * *

"Both on reason and authority we prefer to follow our own decisions. The statute provides that the transfer shall be 'regularly entered' on the books of the corporation. The meaning is so clear that any other construction than that put upon it in the case of *White v. Bank, supra, would* seem to be a violation of the plain intention of the lawmaking power of the state. Certainly it would be going a long way for this Court to conclude that body did not mean what it said, and thus relieve transferors from liability to the injury of unsuspecting creditors."

The analogy between the facts in the *White v. Bank case,* and those in the case at bar are too striking to need to be pointed out.

Exception 3 charges that it was error for the Circuit Judge to hold that the bank was insolvent, as the evidence was wholly insufficient to establish this conclusion.

It does not specifically appear in the exception, but in oral argument as well as in his printed brief counsel for appellant relied strongly in support of the contention stated in exception 3 upon the position that it was error to admit in evidence the judgment roll containing record of the receivership proceedings of Palmetto Bank & Trust Company; the allegation of error being that appellants were not parties to that proceeding. The introduction of the judgment roll was not for the purpose of fixing personal liability upon the appellants under the judgment in that proceeding, but to show the financial condition of the bank—its insolvency. It was competent for this purpose. Moreover, the appellants, as stockholders of the bank, were, in effect, parties to the proceeding. There was other competent evidence to sustain the finding of the Circuit Judge. The exception is overruled.

The other exceptions relate to alleged errors in connection with the action of his Honor, the trial Judge, in refusing to allow and consider the supplemental answer proposed by defendants. This is what the Court said thereabout:

"At the conclusion of the hearing, permission was requested by the defendants to be allowed to file a Supplemental Answer. I granted the attorney for the defendants time to submit his answer, but after reading it, am of the opinion it should not be allowed.

"The proposed Supplemental Answer alleges that there is another action pending between some of the parties to this action, and asks for a consolidation of the cases. I see no grounds on which this consolidation can be made. It is sufficient to state that the other action is brought by the Receivers of the Palmetto Bank & Trust Company against the defendant W. R. Barringer alleging indebtedness due

the Receivership on a note. This action is brought by a depositor against the stockholders and has no connection whatsoever with the action by the Receivers.

"The Supplemental Answer also attempts to establish the right of the defendants to a reduction in the amounts due on the stockholder's liability. In refusing to allow the supplemental Answer, I do so without prejudice to the rights of the defendants to petition the Court for the relief which they seek when the defendants evidence their willingness and readiness to pay the liability assessed against each of them. Until they do evidence their readiness to pay these amounts, I will not consider any petition on their part asking for the relief set up in the proposed Supplemental Answer."

In his printed argument, appellants' counsel states: "The allowance of the Supplemental Answer was a matter within the discretion of the trial Judge."

It would seem of itself, to dispose of the exceptions to the judge's actions in the premises. The reasons given by him in his decree for refusing to allow and consider the proposed supplemental answer and the consolidation of the cases amply justify his refusal.

It seems to us that appellants have little ground of complaint that his Honor refused to permit them to come into this action, in which they strenuously deny liability and defend on the ground that they are not stockholders and ask for and be given the benefit of concessions made in a settlement, under sanction of the Court, with other stockholders who admitted liability and promptly made settlement. We do not think it was an abuse of discretion to refuse them these privileges. These exceptions are overruled.

It is the judgment of the Court that the motion to dismiss the action be denied, that the exceptions to the judgment of the Circuit Court be overruled, and the judgment affirmed.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.