## COX v. BELL.
### No. 4301.

Court of Appeal of Louisiana. Second Circuit, Second Division.

June 11, 1932.

Cook & Cook and C. D. Egan, all of Shreveport, for appellant.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellee.

CULPEPPER, J.

Plaintiff, a South Carolina depositor, brought this action against defendant, a Louisiana resident stockholder, of the Bank of Anderson, of Anderson, state of South Carolina, to recover $1,050, said sum representing .21 shares of stock owned by defendant in said bank, of the original par value of $50 per share. Plaintiff alleges that he brings this suit "for himself and on behalf of all depositors of The Bank of Anderson."

It is alleged: "That, on the 26th day of October, 1925, the said bank closed its doors, suspending operations and ceased to do business as an active banking corporation, and that the said Bank Examiner of the State of South Carolina, pursuant to a request of a majority of its directors, took sole possession and control of the property and business of the said bank."

It is further alleged that the state bank examiner was later ordered by the court to liquidate the bank's affairs, in which process of liquidation the bank examiner is now engaged; that the bank on said October 26, 1925, was, and at all times since has been, and still is, insolvent.

It is alleged that under the Constitution of South Carolina (article 9, § 18), in force October 26, 1925, and which is still in force, stockholders of a bank, in event of the bank's insolvency, shall be liable to the bank's depositors in a sum equal in amount to the stock owned by them, over and above its face value; and that the same provision of law was enacted into section 3998 of volume 3 of the 1922 Code of Laws of said state, pursuant to the provisions in said Constitution, which law was in 1925, and is still, in force and effect; that, under the laws of South Carolina, these constitutional and codal provisions, referring to a sum equal in amount to their stock over and above the value of the same, has been held to mean the par value of said stock.

It is alleged that defendant owned 21 shares of stock in said bank, of the par value of $50 per share, at the time the bank became insolvent in 1925, and still owns same; that plaintiff was a depositor in said bank at the time, and is now a depositor, on which deposit is still a balance due him, and that the same is true of all the other depositors; that defendant is therefore liable to plaintiff in his said capacity as-alleged in the full amount represented by the par value of his said stock, which is $1,050.

It is further alleged that one Alice Belle McLees, of Anderson, S. C., has been appointed trustee of the funds arising from stockholders' liability to the depositors, is duly qualified and acting as such and under bond as provided by the court in that state.

Defendant filed a motion to dismiss the suit on the ground of want of capacity in plaintiff to stand in judgment. Also filed the following exceptions:

"That the statutes of South Carolina provide a specific or particular remedy for the enforcement of the liability of a stockholder of a defunct bank which has been held by the courts of that State to be an exclusive remedy; that such remedy cannot be pursued in the courts of Louisiana against a resident of this State, therefore the statutory liability of stockholders in insolvent banks

provided by the laws of South Carolina cannot be imposed.

"The further exception is made that the liability imposed by the statute in question is joint in favor of all depositors and not several as to any one of them."

Plaintiff filed a supplemental petition alleging that under the laws of South Carolina the rights of a stockholder in a bank are contractual rights, contracted with reference to the laws of that state; that under the statute in question no mandate or authority, or assignment of interest from, or as to other depositors, is necessary in order that one stockholder may bring suit for another; that any depositor of an insolvent bank may bring suit, and a stockholder is required to pay any depositor who might file suit against him. It is further set out that there is not now, and there has not been, any receiver for said Bank of Anderson.

It is finally alleged: "That no laws of the State of South Carolina passed subsequent to October 26, 1925, can affect the rights of the litigants hereto, and particularly the act of 1929, 36 Statutes, p. 199, cannot in any way affect the right of the said litigants."

The motion and exceptions were submitted for decision on the following: "It is agreed that for the purpose of decision upon the exceptions filed herein that the relevant statutory laws of the State of South Carolina and the construction thereof by the courts of that state are correctly set forth in the following decisions: Branchville Motor Co. v. Adden, 158 S. C. 90, 155 S. E. 277, 279; Traynham v. Smith, 158 S. C. 249, 155 S. E. 428; Fischer v. Chisolm, 159 S. C. 395, 157 S. E. 139, 140; Shaw v. Fairey, 160 S. C. 110, 158 S. E. 159; Wright v. Barringer, 160 S. C. 359, 158 S. E. 737.

There was judgment maintaining the exception of want of capacity of plaintiff to bring this suit or stand in judgment, and accordingly his suit was dismissed. Plaintiff has appealed.

■ We are in full accord with the views of the learned trial judge as expressed in his written opinion filed in the record, which we shall adopt, and which is as follows (beginning with his discussion of the above-cited cases):

"Branchville Motor Co. v. Adden, 158 S. C. 90, 155 S. E. 277.

"That case arose after the act of 1929 (Act S. C. March 16, 1929, 36 St. at Large, p. 199) went into effect, and no receiver had been appointed under the act, the suit being instituted by a depositor. The conclusions of the court were, as epitomized in Fischer v. Chisolm, the following:

" '(1) That it gives to the receiver a right where none existed before, and that the remedy afforded by section 6 is exclusive;

" '(2) that the receiver has no right to proceed to collect the stockholders' liability except when recourse to that liability is necessary to pay the claims of depositors;

" '(3) that it is the duty of the receiver to ascertain and declare this necessity, when such necessity exists;

" '(4) that, upon a showing that the receiver is neglectful of his duty in the matter of enforcing the stockholders' liability, the court may do whatever is necessary for the protection of the depositors.'

"If there is one thing that is clear in this decision, it is that the receiver alone has the right to enforce such liability, and that a depositor cannot enforce such right even where no receiver has been appointed.

"The next case is that of Traynham v. Smith, 158 S. C. 249, 155 S. E. 428.

"That case held that the receiver had the primary right to bring such a suit, and ordered him to do so; and that, upon his failure to do so within 10 days, then the depositors could bring it themselves.

"In our opinion, this is a partial retraction of what was said in the Adden Case.

"The next case is that of Fischer v. Chisolm, 159 S. C. 395, 157 S. E. 139, from which we have already quoted somewhat.

"The liability in that case arose prior to the act of 1929, but the court applied the act. The question of in whom rested the right to sue was not involved and not decided.

"The next case is that of Shaw v. Fairey, 160 S. C. 110, 158 S. E. 159.

"In that case the bank had failed in 1925 and suit was brought by a depositor in November, 1929. The defendant stockholders contended that under the act of 1929 a receiver alone could sue, and the court sustained the plea and remanded the case to the trial court with leave to the receiver to sue, or in accordance with Fischer v. Chisolm.

"The last case is that of Wright v. Barringer, 160 S. C. 359, 158 S. E. 737.

"In that case the bank had failed prior to 1929, and a receiver had been appointed under the then existing law. Proceedings were carried on, without objection, under the prior law, and the court refused to disturb the judgment on the ground that the defendant had waived all such objections. However, the court stated specifically that the act of 1929 would have been applied if presented in a proper way.

"In none of the later cases has the court overruled what it stated in the Adden Case; it has modified that doctrine only to the extent that it stated it would permit a suit by a depositor if the receiver refused or failed to bring it. It has never said that a depositor could bring it if no receiver was appointed; in fact, it refused to permit it in the Adden

Case, which was one where no receiver had been appointed.

"Counsel for plaintiff says in the brief filed:

" ' * * * But even should the court hold that the 1929 Act governs the present method of procedure, the court will see from the cases cited in the stipulation that the only action taken by the South Carolina courts when this point was raised in those, was to substitute the receiver of the defunct bank as party plaintiff. The court will see that in the amended petition filed in this suit, it is set forth that there is no receiver of the Bank of Anderson and that none was ever appointed. Consequently, it would be impossible to make a receiver a party to this litigation.

" ' The case of Traynham v. Smith stands for the proposition that a depositor can bring an action when the receiver refuses to do so. We submit that it follows from this that a depositor can bring an action when there is no receiver to do so.'

"In the cited cases where there was a receiver, the court substituted the receiver. In only one of the cited cases (the Adden Case) was there no receiver, and in that case the court dismissed the action.

"So far as we can see, a receiver can be appointed, and until this is done, and the receiver so appointed fails or refuses to sue, a depositor has no such right. Of course, this presupposes that the 1929 act governs.

■ "Is this case governed by the 1929 act or by the law in force prior to that time?

"The right granted to the depositor was granted by the Constitution of the state. The Constitution granted no remedy for enforcing the right. The Act of 1922 needlessly reiterated the right granted by the Constitution, but it likewise granted no remedy. In this state of affairs, the courts enforced their equity powers and permitted the depositor to sue directly in the nature of a creditor's bill. Thus, when the act of 1929 was passed, setting forth the remedy, it took nothing away from the depositor which had been given him by law. Neither the Constitution nor the Act of 1922 vested in the depositor any right to sue in his own name. The depositor may have a vested right, or he may have a contractual right. But this vested right or this contractual right did not relate to the remedy. These matters are all fully discussed in the Adden Case, and we can see no legal reason why the Legislature could not provide for the remedy, and whatever legal remedy is in effect at the time the suit is brought is the one to govern the situation. The case cited by counsel for plaintiff (State v. Bermudez, 12 La. 355), we think, is authority for this, for it says: 'But with regard to remedies, forms of proceedings, and limitation of actions, the same principle does not necessarily apply. * * *'

■

"The South Carolina courts have specifically held that the act of 1929 merely related to the remedy."

■ Counsel for plaintiff in brief before this court contend that the act of 1929 should be disregarded altogether, in determining the issues here involved because the act of 1922, which was in effect at the time plaintiff became a depositor, and defendant obtained his stock in said bank, created vested rights in plaintiff, and imposed contractual obligations upon defendant, such as could not be affected or changed by any subsequent legislation—that is, it could not have a retroactive effect, citing as authority, State v. Bermudez, 12 La. 352.

As pointed out by the trial judge, the cited case is, we think, ample authority to the contrary. The court in the Bermudez Case, in recognizing the remedial statute involved, as controlling, gave as good reasons that it was meant to remedy the former evils accompanying a mass of litigation growing out of alleged informalities and nullities of judicial sales. The same may be said of the 1929 act in question here. Prior to the time of the passage of this act, the courts of South Carolina permitted any one or more depositors in an insolvent bank to sue any one or more of its stockholders at will. It can readily be seen that a multiplicity of suits would follow, greatly complicating the adjustments among the parties. The 1929 statute no doubt was enacted in order to remedy such complications, since the receiver could co-ordinate in one suit all claims involved.

Plaintiff's counsel, as we view it, is in error in taking the position that the effect of the act of 1929 is to divest a bank depositor of any substantial right which he might have previously held. The right of the depositor to be paid and the obligation of the stockholder to pay still existed as before. The only thing the act does is to change the manner and mode of enforcement of the right. Such a change was purely remedial, having to do with the forms of proceedings, and, as stated by the court in the Bermudez Case, the principle regarding the axiom "that acquired rights and existing compacts cannot be affected by subsequent legislation" does not apply to this class of legislation.

■ Counsel urge further that, since it is alleged in the supplemental petition that no receiver is shown to have ever been appointed for the bank, the act of 1929, if given effect in this case, would virtually cut plaintiff off from a right or remedy at all. We cannot agree with the learned counsel on this point. The act itself indicates that such a person as a receiver is provided for under the laws of South Carolina. Indeed, it would be remarkable if it did not so provide. We can see no reason why plaintiff and the other depositors have not provoked the appointment

of a receiver, since they are classed as the bank's creditors. But it seems that they have not done so, nor have they suggested any reason why they have not. The court in the Adden Case gives very pertinent reasons why a receiver is necessary, "as a matter of simple justice and right, * * *" and it recognizes the 1929 act as providing the remedy that should be followed, which is through a receiver, and, in event of his failure or refusal to act, then the depositors can do so. But it holds that it is necessary that such a suit be brought by the receiver, which contemplates clearly that a receiver shall be appointed; and, in event of his failure or refusal to act, then the depositors may take action directly. We cannot agree with counsel's contention that the Traynham v. Smith Case, supra, stands for the proposition that, if the depositor is permitted under the act to bring an action when the receiver refuses to act, it would necessarily follow that the depositor can take action when there is no receiver. On the contrary, that case holds, as stated in the trial court's opinion, that the receiver had the primary right to bring such suit, and the court ordered him to do so; that, upon his failure to do so within ten days, then the depositors could bring it themselves. To permit the depositors to disregard the provisions of the act and sue direct without regard to the receiver, or a showing that the latter had refused or failed to act, would be to defeat the very purpose of the act.

Being of the opinion that the position taken by the trial judge is correct upon the question of the capacity of plaintiff to bring this action, it is unnecessary for us to discuss or pass upon the other questions raised, and we therefore rest the case by affirming the lower court's judgment. Judgment affirmed.