13796

A. M. LAW & CO., INC., v. CLEVELAND

(173 S. E., 638)

Before Foster, J., County Court, Spartanburg, August, 1932.

*Messrs. L. K. Jennings, T. H. Munro* and *I. A. Phifer,* for appellant,

*Messrs. Evans, Galbraith & Holcombe* and *Lyles & Daniel,* for respondent,

March 6, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent brought its action in the Court of Common Pleas for Spartanburg County to recover the sum of $555.00, the price of 37 shares of the stock of Dollar Savings Bank of Spartanburg, S. C., which it alleges it sold and delivered to the appellant at the agreed price of $15.00 per share, for which, after demand, appellant refused to pay. The case was transferred, by proper order, to the County Court of Spartanburg County.

Appellant for answer to the complaint set up a general denial, and alleged that the alleged sale was for goods of a value of more than $50.00; that no written memorandum thereof was made and signed by the defendant, or any one thereunto authorized by him, and the transaction is therefore obnoxious to the statute of frauds; that in selling the stock plaintiff warranted that the stock was worth $15.00 per share, and that the bank was in sound condition, whereas the bank was insolvent and the stock was worthless, which entitled the defendant to rescission; that the stock was never delivered nor tendered to defendant, and the bank closed its doors before plaintiff offered to perform its contract.

The case was heard by Judge M. C. Foster and a jury. At the conclusion of the testimony for the plaintiff, the defendant moved the Court for a nonsuit, which was refused, and, at the conclusion of all the testimony, defendant moved for direction of a verdict in its favor, which motion was also refused. The grounds upon which these motions were made appear on the record. The jury found for the plaintiff, and a motion for a new trial was made and refused. This appeal followed, based upon seven exceptions which allege error in admitting evidence of the custom between respondent and appellant pertaining to the manner of respondent in dealing with appellant relative to the delivery of stock; error in ad-

mitting evidence of appellant's actions as president of the First National Bank of Spartanburg, which had recently failed, touching appellant's transactions in relation to his deposits and stock therein; error in admitting evidence of the written·memoranda of the sale of the stock sued on, it not being shown that the written memoranda were signed by appellant; error in refusing to grant the motions for nonsuit, directed verdict, and new trial on the ground that there was no sufficient proof of an agreement by defendant, or any one lawfully authorized by him to sign the same, to take the contract out of the statute of frauds.

It is not necessary to decide these questions separately, but all of them will be considered and disposed of.

It is not denied that respondent, who is a broker, dealer in stocks and bonds, approached the appellant with the proposition to sell him the stock in question, and the appellant agreed to purchase it at the agreed price. In fact the appellant testifies that he bought it in good faith, but he holds himself to be absolved from paying for it because it was never delivered to him nor tendered to him till after the bank had closed its doors. This plea brings us to the consideration of the most vital issue in the case.

When plaintiff offered testimony to show delivery by showing that the stock was delivered to the bank to be transferred on the books to the appellant, as it alleged was the custom between the parties, objection was made on the ground that the custom had not been pleaded. For the admission of this testimony, error is assigned.

If plaintiff had brought its action upon a contract or claim founded upon a general or local custom, there would be merit in the position taken by appellant, and the authorities cited by him would be applicable. The reason of the rule requiring that such a custom be pleaded is that such custom is not binding unless both parties know of the custom and that they contract with reference to it; it is not binding on

him to whom it is unknown. *27 R. C. L.,* § 3, p. 154, 17 C. J., §§ 1, 12, pp. 446, 463.

It would be a useless thing to plead a custom of dealing as between two persons, which, if it exists, must be as well known to one as to the other. Properly speaking, the respondent proffered testimony tending to prove a usage rather than a custom, a usage in dealings of a similar nature between it and appellant. *27 R. C. L.,* 152.

Plaintiff was not called on to anticipate defendant's defense that the manner of delivery between them would be denied.

"It is a general principle that a pleading need and should not, by its averments, anticipate a defense thereto, and negative or avoid it." Outlines of Pleading, p. 16, by Donald J. Kiser, Editor-in-Chief of Corpus Juris, citing 31 Cyc., 109, 110.

"In equity pleadings the petitioner was allowed to anticipate and avoid a defense, and this was called the charging part of the bill. (Story's Eq. Pl. Sec. 1). At law, one was never expected to state matters which should come more properly from the other side; it was sufficient for such party to work out his own case." 1 Chitty's Pl., 222. Bliss on Code Pleadings, § 200, p. 248.

The appellant argues that, even if the usage of delivery be proper to be proved, nevertheless, the delivery was not complete because the stock was not transferred on the books as directed by the respondent, but the certificates were found loose in the back of the stock book when the bank closed. The transfer of the stock on the books of the corporation is not necessary to the transfer of the title as between the parties to the sale and purchase.

"No transfers of stock shall be valid *except as between the parties thereto* until the same shall have been regularly entered upon the books of the corporation." (Italics added.) Section 7746, Code 1932. See also *White v. Bank,* 66 S. C., 491, 45 S. E., 94, 97 Am. St. Rep., 803; *Mann v. Boykin,*

79 S. C., 5-7, 60 S. E., 17, 128 Am. St. Rep. 830; *Wright v. Barringer,* 160 S. C., 359, 158 S. E., 737.

It became a question of fact whether delivery had been made as by the usage or custom between the parties and it was proper to submit that question to the jury.

Did the transaction fall within the statute of frauds (Code 1932, § 7045)? In other words, is there a memorandum in writing of the agreement of sale signed by the purchaser or any one thereunto authorized by him?

This question is answered by the answer to the question, Was the broker who sold the stock to defendant the agent of the seller and the buyer?

It is not always the case that the broker is the agent of both parties, but he may be. In this case, when the sale was made, the plaintiff did not own the stock. It negotiated the sale.

Under the title "Statute of Frauds," this is found in 27 C. J., 294: "A broker who negotiates a sale of goods, wares and merchandize is an agent of both parties for the purpose of making and signing a memorandum of the contract of sale."

In the present case the broker sent a written memorandum of the sale of the stock to the defendant, the purchaser, and to the bank, with instructions to transfer the stock. At the same time he sent a memorandum of the sale to the owner of the stock. These notices were signed by the broker. When the broker approached the defendant with the suggestion that he could sell him this stock, the appellant answered that he would take it at a certain price. It follows that he impliedly gave to the broker authority in his name to purchase the stock, and, in the eyes of the law, made him his agent to that end. When, therefore, the broker sent the stock to the bank for transfer, with written and signed instructions how it should be transferred, he was the agent of the

appellant as well as of the owner of the stock. We think it is not competent for appellant now to deny this agency, since he was instrumental in giving directions as to how this stock should be transferred, in part, to others than himself. It was submitted to the jury to determine whether the broker was the agent of the appellant. They have found that it was. If it was, it had the authority to sign for appellant the memorandum of sale, and the provision of the statute of frauds invoked by appellant does not apply.

Appellant alleges error for that plaintiff's attorney ■■ was permitted to cross-examine the defendant relative to certain transactions of his, as president of the First National Bank of Spartanburg which had recently theretofore closed its doors.

It would be sufficient to dispose of this exception by saying that much latitude is allowed on cross-examination of a witness, and a wise discretion is vested in the presiding Judge to keep the examination in legitimate bounds; and it does not appear that the cross-examination here exceeded discreet limits. Moreover, we may say that it was in the main relevant and competent, and in part was induced by questions propounded to the witness by his own attorney.

It does not appear from the record that appellant's ■ attorney requested the Court to charge the matter relating to the statute of frauds which is set out in the seventh exception. Appellant is not, therefore, in position to complain that the charge was not given.

We find no reversible error. The judgment appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.

MR. CHIEF JUSTICE BLEASE (concurring): It may be well, that no misunderstanding may be had in the future as to the effect of this decision, to call attention to a fact which I consider of importance: The plaintiff, acting as broker,

sold the bank stock, owned by another, not by the plaintiff, to the defendant. The suit, I think, should have been brought in the name of the former owner, for whom the plaintiff, as broker, acted, but that point was not properly made in the trial Court, and therefore is not involved in the appeal.

MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concurs.