14255

BRICE v. CLEVELAND

(184 S. E., 574)

*Messrs. Lyles & Daniel* and *Evans, Galbraith & Holcombe,* for appellant,

*Messrs. Nicholls, Wyche & Russell,* for respondent,

March 13, 1936.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

This is an action by the receiver of Dollar Savings Bank, an insolvent state bank, against the defendant to recover the statutory stockholder's liability upon 37 shares of the capital stock of such bank, of the par value of $100.00 each, alleged to have been owned by the defendant at the time the bank closed.

On December 20, 1929, A. M. Law & Co., stockbrokers of Spartanburg, S. C., sold to the defendant 37 shares of the capital stock of Dollar Savings Bank of Spartanburg. Certificates representing 32 shares of the stock so purchased were sent on the same day by the brokers, by a messenger, to the Dollar Savings Bank, with a letter instructing the bank to transfer this stock to the defendant on the books of the bank. The remaining five shares of the stock were delivered later, but were not in fact delivered until after the bank suspended operations on December 28, 1929. The new certificates of stock were never delivered to the defendant,

and the stock was never transferred on the books of the bank to the defendant's name. The testimony on behalf of the plaintiff tends to show that this was not done because it was necessary for the president of the bank to sign the new certificates, and he was prevented from so doing by reason of being ill.

The old certificates representing the 32 shares referred to were found in the bank by the receiver after it became insolvent. The record shows that on the day of the sale of the stock to the defendant, December 20, 1929, A. M. Law & Co. mailed to him a written memorandum thereof, but the defendant was never notified that the old certificates had been delivered to the Dollar Savings Bank for transfer to his name until after the bank closed, at which time he refused to pay for them. Nor were these old certificates, as stated, ever actually and physically delivered to the defendant.

Thereafter, and before the bringing of this action, the brokers instituted an action against the defendant to recover the purchase price of the 37 shares of stock. The trial resulted in a verdict for the plaintiff, and, upon appeal, this Court affirmed the judgment. *A. M. Law & Co. v. Cleveland,* 172 S. C., 200, 173 S. E., 638. The effect of that judgment was that the defendant, Cleveland, was the owner of the stock, and it was therefore adjudged that he should pay for it. The issue presented here, however, is altogether different from the question adjudicated in that case.

After the closing of the Dollar Savings Bank, Mr. Luther K. Price was appointed as its receiver, and brought the present action against the defendant to recover the statutory stockholder's liability for the entire 37 shares of stock. A jury trial was waived, and by agreement the case was heard by Judge Rice upon the pleadings and the transcript of record in the case of *A. M. Law & Co. v. Cleveland, supra.* The defendant in his answer interposed the defense that at no time prior to the suspension of the Dollar Savings Bank

had the name of the defendant appeared upon the stock book of the Dollar Savings Bank as the owner of any block of 37 shares of stock in said bank, nor was any of such stock transferred to his name on the books of the bank.

Judge Rice, by his order, held that the decision in the case of *A. M. Law & Co. v. Cleveland, supra,* wherein Cleveland was held to be the owner of the stock, did not affect or involve the issues presented in the instant case, and further held that this action could not be maintained against the defendant under the provisions of Section 7746, Code 1932, which provides in part: "No transfers of stock shall be valid except as between the parties thereto until the same shall have been regularly entered upon the books of the corporation."

He further stated in his order:

"This statute has been under consideration by our Supreme Court several times, and without exception, so far as I have been able to find, they have given it a literal construction, and have so enforced it," citing *Parker v. Carolina Savings Bank,* 53 S. C., 583, 31 S. E., 673, 69 Am. St. Rep., 888; *White v. Commercial & Farmers Bank,* 66 S. C., 491, 45 S. E., 94, 97 Am. St. Rep., 803; *Man v. Boykin,* 79 S. E., 1, 60 S. E., 17, 128 Am. St. Rep., 830; *Wright v. Barringer,* 160 S. C., 359, 158 S. E., 737, 739.

"The receiver must therefore proceed against the person in whose name the stock stood on the books of the bank at the time the bank became insolvent and closed its doors, and this person is admittedly not Mr. Cleveland."

The plaintiff appeals to this Court upon five exceptions, but states in his brief that they embrace only one issue, and that is, whether the actual owner of stock in a state bank, upon its insolvency, is liable for the statutory stockholder's liability assessment, although the stock was never transferred to his name on the books of the bank.

After a careful examination of the record in this case and a review of the authorities in this and other states which

have a statute similar to the foregoing provision of our Code, we are satisfied that the conclusion reached by the Circuit Court is correct. In the cases cited in the Circuit Court order, this Court uniformly held that the transfer of bank stock not regularly entered upon the stock books is ineffectual to cut off the individual liability of the registered stockholder, and in each of these cases the section of the Code referred to has been given a literal construction. We see no sound reason why the same construction should not be given to this section when applied to actions brought to enforce the statutory stockholder's liability against transferees of bank stock when such stock has not been regularly entered on the stock books of the bank in their names.

In the case of *Wright v. Barringer, supra,* it was sought to enforce the statutory stockholder's liability against defendants who asserted that they had prior to the closing of the bank in question transferred their stock to another person. In discussing the case, the Court said:

"It is admitted that, when the bank closed its doors, this stock stood on the books of the bank in their names. But appellants contend that they had notified the bank officers that they had transferred this stock to Florence Hotel Company, Inc., and that they had made every effort which due diligence and prudence required of them to have the stock transferred on the books of the bank, but that the officers of the bank refused and neglected to make the transfer.

"Hence they argue they are not the real owners of the stock, and are not liable in this action to be called on to pay the stockholders' statutory liability. * * *

"Moreover, the question is determined by the express provisions of the statute, Section 4320 of Volume 3, Code of Laws 1922, which contains this language: 'No transfers of stock shall be valid except as between the parties thereto until the same shall be regularly entered upon the books of the corporation.'

"In *Man v. Boykin,* 79 S. C., 1, 5-7, 60 S. E., 17, 18, 128 Am. St. Rep., 830, a question practically identical with that made by the appellants here, was discussed. We quote:

" 'Therefore, for a transfer of stock to be regularly entered upon the books of the Farmers' & Merchants Bank, the date of surrender, the number of the new certificate, and the date of the reissue must appear, or at least something to show a proper transfer. There can be no doubt in the present case that no such transfer was made.

" 'The question, therefore, is whether the original stockholders are liable under the statute. This point, we think can no longer admit of doubt in this state. In the case of *White v. Bank,* 66 S. C., 491, 45 S. E., 94, 97 Am. St. Rep., 803, the statute here under consideration was discussed and construed. One of the defendants, E. B. Mobley, in that case set up the same plea that the Carolina Saving Bank and several defendants set up here, namely, that he had done all a careful and prudent man could do to effect a transfer on the books of the bank. The Court, however, denied this, holding that Mr. Mobley could by process of law have compelled the transfer on the books. This holding seems to be consistent with the overwhelming weight of authority. * * *

" 'Both on reason and authority we prefer to follow our own decisions. The statute provides that the transfer shall be "regularly entered" on the books of the corporation. The meaning is so clear that any other construction than that put upon it in the case of *White v. Bank, supra,* would seem to be a violation of the plain intention of the law-making power of the state. Certainly it would be going a long way for this Court to conclude that body did not mean what it said, and thus relieve transferrors from liability to the injury of unsuspecting creditors.'

"The analogy between the facts in the *White v. Bank case,* and those in the case at bar are too striking to need to be pointed out."

We agree with the contention of the respondent that the statute (Section 7746) affirms in language so direct and

clear as to be beyond the realm of controversy that, except as between the parties thereto, any sale or transfer of stock in a corporation of this state, which sale or transfer is not regularly entered on the books of the corporation, is invalid. The wording of the single exception provided by the statute, "except as between the parties thereto," gives added emphasis to the negation of validity to the transfer of shares in all other respects. If the sale or transfer is thus void, no rights can be founded upon that void and invalid transfer. To permit any right to arise out of such void transfer would be to give to such transfer a legality which the statute unequivocally denies to it, and would annul the solemn interdict of the statute itself.

It is undisputed that the transfer of the 37 shares of stock was not only never "regularly entered" on the books of the bank in the name of the defendant, but they were never entered at all, and for this reason the defendant cannot be held for the statutory liability. The liability provided for in the statute can apply only to the registered owner under this section.

The liability of stockholders in insolvent state banks is fixed by Article 9, § 18 of the Constitution of 1895. It is there provided as follows: "The stockholders of all insolvent corporations shall be individually liable to the creditors thereof only to the extent of the amount remaining due to the corporation upon the stock owned by them: Provided, That stockholders in banks or banking institutions shall be liable to depositors therein in a sum equal in amount to their stock over and above the face value of the same."

The argument of the appellant that Section 7746 infringes upon this constitutional provision is not sound; they are not in conflict. The constitutional provision creates and provides for the added liability of stockholders in state banks; the statutory provision defines who are such stockholders, to wit, those whose names are regularly entered on the books of the bank.

This construction of the statute, as contended by the respondent, adds to the efficacy and the prompt enforcement of the constitutional liability, for it eliminates any involved inquiry into conflicting ownerships, and decisively fixes the registered owner as being the person subject to the constitutional liability.

Of course, the transferror of bank stock may recover from a transferee the amount the transferror may be held liable for, to creditors of the bank, where the transfer was not regularly entered on the books of the bank in compliance with the statute. *Man v. Boykin, supra.*

The appellant earnestly and ably urges that the respondent should be held liable under the general rule stated in 68 A. L. R., 112, where it is said: "Although there is some authority to the contrary, the rule may be stated generally that a transferee of stock who does not appear upon the transfer books of the corporation as such is not liable as a shareholder, unless, because of some action taken by him or by the corporation, and assented to by him, expressly or impliedly, by which his recognition as a shareholder by the corporation and by himself is brought about, he is estopped to deny that he is a shareholder when sued by the corporation or its creditors for calls or assessments."

It is argued that the record here is replete with evidence of actions taken by the defendant, and by the bank with his assent, which are consonant alone with his recognized status as a stockholder.

Even if we disregard the statute and were disposed to follow this rule, the evidence does not support the argument that the defendant was ever recognized by the bank in any legal sense as a stockholder. New certificates were never issued to him, and the stock was never transferred upon the books to his name. The officers of the bank partially prepared new stock certificates in favor of the respondent, but they were never executed as a completed corporate act. Certainly the defendant was never such a stockholder as is contemplated in Section 7746.

The conclusion herein reached is strongly fortified by cases from California and Minnesota, where they have a statute similar to ours. *People's Home Savings Bank v. Stadtmuller,* 150 Cal., 106, 88 P., 280; *Hamilton v. Loeb* (C. C. A.), 186 F., 7, certiorari denied, 223 U. S., 729, 32 S. Ct., 523, 56 L. Ed., 629.

It may well be that this will be the last case of this kind to come before the Court.

The proviso appearing at the end of Section 18, Article 9, has been eliminated from the Constitution by constitutional amendment. See Act No. 28, Acts of the General Assembly, 1935, page 36; and the proviso appearing at the end of Section 7868 of the Code 1932 has been repealed, Acts 1935, page 46.

The exceptions are overruled, and the judgment of the Circuit Court stands affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and BAKER concur.